GALLIE *v.* DETROIT AUTO ACCESSORY CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—CONSTITU-TIONAL LAW—"EMPLOYEE" DEFINED.

Act No. 173, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5429), amending the workmen's compensation act (2 Comp. Laws 1915, § 5423), so as to include within the meaning of the term "employee," as therein defined, work-ing members of partnerships, receiving wages irrespective of profits, does not violate article 5, § 21, of the Con-stitution, providing that no law shall embrace more than one object which shall be expressed in its title, since said amendment might have been incorporated in the original act without violating said constitutional provision.

Certiorari to Department of Labor and Industry.

Submitted October 3, 1923.    (Docket No. 18.)    Decided November 13, 1923.

P. C. Gallie presented his claim for compensation against the Detroit Auto Accessory Company for an accidental injury in defendant's employ.    From an order awarding compensation, defendant and the Travelers Insurance Company, insurer, bring certiorari.    Affirmed.

*Vandeveer & Foster,* for appellants.

WIEST, C. J.    The facts have been stipulated as follows:

"It is stipulated and agreed that the Detroit Auto Accessory Company is a copartnership, and this compensation insurance was carried on December 18, 1922, by the Travelers Insurance Company; that P. C. Gallie and J. J. Timpy were the only members of said copartnership; that on December 18, 1922, P. C. Gallie was a working member of said partnership, said wages being $25 a week; that on December 18, 1922, P. C. Gallie suffered an accidental personal injury arising out of and in the course of his employment which resulted in 47 days' disability, and the incurrence of medical attention to the extent of $51."

This case presents the question of whether "working members of partnerships, receiving wages irrespective of profits," are employees within the meaning of the workmen's compensation law, and, if injured, while so employed, entitled to invoke its provisions. Act No. 173, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5429), purports to answer the question in the affirmative.    But we are asked to hold that part of the act void, for the reason that it came into the act as an amendment under a title not broad enough to embrace it.

Our workmen's compensation law, when first enacted, followed closely the English and Scotch acts on

the same subject.    The English courts have uniformly held against compensation being awarded working members of partnerships and it is clear that, except for the amendment of 1921, working members of partnerships could not be considered employees within the meaning of the act.    This being true, defendant contends it was not enough to extend the scope and purpose of the act without also recasting the title so as to express such object.

In 1912, when the workmen's compensation law was enacted, it was felt that the object embraced in such law was expressed in the title, reading as follows:

"An act to promote the welfare of the people of this State, relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the accidental injury to or death of employees and methods for the payment of the same, establishing an industrial accident board, defining its powers, providing for a review of its awards, making an appropriation to carry out the provisions of this act, and restricting the right to compensation or damages in such cases to such as are provided by this act."    2 Comp. Laws 1915, § 5423.

Under that title the act defined the term "employee" to mean

"every person in the service of another under any contract of hire, express or implied, * * * but not including any person whose employment is but casual or is not in the usual course of the trade, business, profession or occupation of his employer."    2 Comp. Laws 1915, § 5429, sub. 2.

Does the amendment of 1921, bringing working members of partnerships, receiving wages irrespective of profits, within the term "employee," violate the mandate in section 21, article 5, of the Constitution that, "no law shall embrace more than one object, which shall be expressed in its title?"    If a law, when first enacted, is not as broad as its title permits, its

224—Mich.—45.

object may, by amendment, be expanded to any point within the compass of its title. Might the amendment of 1921 have been incorporated in the act in the first instance without offending against its title? Defining the term "employee," as used in the act, did not thereby forever debar re-defining under the title. We think the amendment could properly have been made a part of the act under its title in the first instance and, therefore, is now within the title.

In *Perry* v. *Industrial Commission,* 180 Cal. 497 (181 Pac. 788), the court held that the terms "employer," "employee" and "employment," as used in the constitution of that State, must be construed in the light of their meaning at the time of placing them in the constitution and, therefore, could not be extended by legislative definition, for such extension would, in effect, be an amendment of the constitution if accepted as authoritative. This case and other California cases cited do not help upon the question we have here.

In *Ohio Drilling Co.* v. *Industrial Commission,* 86 Okla. 139 (207 Pac. 314), it was held that working members of a partnership are employees within the compensation law. It is somewhat anomalous to say that a partner may, as a member of a firm, be an employer and as such come within the compensation law, and then if he works for the firm for wages be also an employee within the meaning of the act, but the compensation law so provides, and is evidently based on the holdings that a partner may, by special agreement, be entitled to wages for services rendered the firm, even though such compensation must be worked out in an accounting between the partners.

The statute is not unconstitutional and the award is affirmed, with costs to plaintiff.

FELLOWS, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.