JACOBSON v. WEIDMAN LUMBER CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—INDEPEND-
ENT CONTRACTOR.

> One who with three others contracted with a lumber company
> for the clearing and grading of part of a roadbed for a
> logging railway at a certain price per foot, and in perform-
> ing the work was master of his own time, was an independ-
> ent contractor, and the fact that the work was subject to in-
> spection by the company as it progressed, with direction
> conforming to its proper completion, and the furnishing of
> tools and a team by it, did not change the relation to that
> of master and servant.

Certiorari to Department of Labor and Industry.
Submitted January 9, 1929. (Docket No. 9, Calen-
dar No. 33,904.) Decided March 29, 1929.

Magnus Jacobson presented his claim for com-
pensation against the Weidman Lumber Company
for an accidental injury in defendant's employ.
From an order awarding compensation, defendant
and the State Accident Fund, insurer, bring certi-
orari. Reversed, and order vacated.

*Derham & Derham,* for appellants.

*Thomas J. Landers (Cadigan & Cadigan,* of coun-
sel), for appellee.

WIEST, J. Plaintiff was awarded compensation
for the loss of an eye, and defendants review the
holding of the department of labor and industry by
certiorari, claiming that plaintiff was an independ-
ent contractor, and, in any event, has not lost an
eye.   .

As to whether independent contractor is an employee within
the meaning of workmen's compensation act, see annotation in
L. R. A. 1916A, 118, 247; L. R. A. 1917D, 148; L. R. A. 1918F, 206.

If plaintiff was an independent contractor, defendants are not liable. Defendant lumber company was constructing a bed for a logging railway and plaintiff, together with three companions, going about the country taking such jobs for their mutual benefit, took the job of clearing and grading about 1,300 feet of the way at $13 per 100 lineal feet, and were to each pay $1 per day for board and lodging at the lumber company's camp. The first day, while plaintiff was working on the job with his companions, a chip from a tree he was chopping struck his right eye. Plaintiff received treatment, and, at the time of the hearing before the deputy commissioner, his injury had healed with a retention of 10 to 20 per cent. vision in the eye.

We have many times defined what constitutes an independent contractor, and need not repeat what we have said on the subject. Plaintiff was master of his own time in performing the work of producing the ultimate result calling for the agreed compensation to himself and companions. Inspection of the work by defendant lumber company as it progressed, with direction conforming to its proper completion, and the furnishing of tools and a team by defendant lumber company, did not change the relation to that of master and servant. The rule applied in *Odle v. Charcoal Iron Co.*, 217 Mich. 469; and *Donithan v. Michigan Iron & Chemical Co.*, 227 Mich. 609, governs this case.

The award is vacated, with costs to defendants.

NORTH, C. J., and FEAD, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.