SLESSOR *v.* BOARD OF EDUCATION OF KALAMAZOO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—EXER-
   CISING CONTROL—INDEPENDENT CONTRACTOR.

   That contractor installing apparatus in school gymnasium was
   directed by employee of school board where certain equipment
   should be placed was not exercising control over him so as to
   establish relation of master and servant, but was rather in
   nature of aid in performance of his work.

2. SAME—INDEPENDENT CONTRACTOR—SCHOOLS AND SCHOOL DIS-
   TRICTS.

   Where dealer not under workmen's compensation act sold
   gymnasium equipment to school board and engaged employer
   operating under said act to install it, said employer, who was
   not subject to control of either school board or dealer, was
   not employee, but independent contractor.

3. SAME—ACT FOR BENEFIT OF EMPLOYEES.

   Employees and not employers have benefit of workmen's com-
   pensation act.

4. SAME—TEST AS TO RELATIONSHIP.

   Power to control one engaged to do work, and not actual con-
   trol, is test whether he is employee or independent contractor.

5. SAME—INDEPENDENT CONTRACTOR.

   Injured independent contractor does not come within provisions
   of workmen's compensation act.

6. SAME—EMPLOYER NOT WITHIN PROVISIONS OF ACT—SCHOOLS AND
   SCHOOL DISTRICTS.

   Employer operating under workmen's compensation act, who
   was accidentally killed while working with his men installing
   equipment in school gymnasium, was not within provisions of
   said act, although dealer contracting with him to install same
   was not under act, and, therefore, his dependents are not
   entitled to compensation from school board.

   On power to control, as test determining whether one is inde-
   pendent contractor or employee, see annotation in L. R. A. 1916A,
   118, 247; L. R. A. 1918F, 206.

Appeal from Department of Labor and Industry. Submitted October 13, 1931. (Docket No. 87, Calendar No. 35,878.) Decided January 4, 1932.

Margaret Slessor presented her claim against the Board of Education of the City of Kalamazoo, employer, and Employers Liability Assurance Corporation, insurer, for the accidental death of her husband, Alexander Slessor, while in defendants'. employ. Award for plaintiff. Defendants appeal. Reversed.

*Jackson, Fitzgerald & Dalm,* for plaintiff.

*Marvin J. Schaberg,* for defendants.

Wiest, J. Defendant board of education purchased from Mower & Rose, dealers, certain gymnasium equipment, to be installed by the seller in a school building. Mower & Rose were not operating under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*), and employed Alexander Slessor, who was an employer operating under the act, to make the installation. Mr. Slessor was a general contractor, and for seven or eight years had installed gymnasium equipment for Mower & Rose, collected pay for doing so, and paid his employees. While about the work of installation Mr. Slessor was killed and the department of labor and industry held the defendant board of education liable to pay compensation to his widow.

The principal question is whether Mr. Slessor was an employee of the school board, by reason of the fact that Mower & Rose were not operating under the compensation act, or an independent contractor. Mr. Slessor employed men, and for that reason elected to come under the act. At the time of his death Mr. Slessor was working with his men. He undertook to carry to completion a definite piece of

work in his own line of business. He was an employer, paid his employees with his own checks, furnished his own tools, and was free to render, at will, service to others. He was not on any pay roll. He was an independent contractor.

There was evidence that an employee of the defendant board directed where certain of the equipment should be placed. This was not control of Mr. Slessor but an aid in the performance of his work.

Plaintiff invokes the following provision of the statute:

"That one employed by a contractor who has contracted with a county, city, township, incorporated village, school district or the State, through its representatives, shall not be considered an employee of the State, county, city, township, incorporated village or school district which made the contract, when such contractor is subject to this act." 2 Comp. Laws 1929, § 8413.

Mower & Rose contracted with the school board. Mr. Slessor was not an employee of Mower & Rose, but an independent contractor, operating under the compensation act. Unless it be found that Mr. Slessor was an employee of the school board, then the claim was barred because not made within six months after the accident (2 Comp. Laws 1929, § 8431).

Suppose we consider the contract for installation one between the school board and Mr. Slessor, then there would exist a contract with an employer who was operating under the compensation act, and, had one of his employees been the injured person, liability therefor would not reach the school board. Employees, and not employers, have the benefit of the act. Mr. Slessor was an independent contractor operating under the compensation act.

Mr. Slessor was not at all subject to the control of the school board. If he declined to submit to suggestions of an employee of the school board that board had no power to discharge him for disobedience. It is the power to control and not the fact of control which is the test. Mr. Slessor was exercising an independent employment, contracting to perform particular pieces of work for others, according to his own methods, with his own employees, and without subjection to control of his employer, except as to the result called for by his undertaking. His employees worked for him, looked to him for their pay, he collected compensation due him for their labor and his own, and, from his contract earnings, paid his help. He was not required to do the work himself, and, in fact, at the time of accident, was using the labor of others in his employ, and he alone could have discharged any one of his employees.

An injured independent contractor does not come within any provision of the workmen's compensation act. (See 2 Comp. Laws 1929, § 8416.) The compensation act is for the benefit of injured employees and not injured employers. See *Jacobson* v. *Weidman Lumber Co.*, 246 Mich. 189.

Mr. Slessor contracted to produce a result, the means being left to his selection and control. The fact that Mr. Slessor was working on the job he had contracted to perform did not at all change his relation from that of an independent contractor to that of an employee.

For the reasons pointed out 2 Comp. Laws 1929, §§ 8413 and 8416, are inapplicable.

The department of labor and industry erroneously awarded compensation. The award is vacated, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.