GLENN v. McDONALD DAIRY CO.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —WORKMEN'S COMPENSATION ACT.

Testimony of corporate employer's vice-president, on the porch of whose home the deceased carpenter had been working before attempting to repair employer's barn, to the effect that deceased was an independent contractor, was properly rejected by the department of labor and industry as equally within the knowledge of deceased (3 Comp. Laws 1929, § 14219).

2. WORKMEN'S COMPENSATION—EMPLOYER-EMPLOYEE RELATION.

To establish right of dependents of deceased to compensation from one against whom claim is presented in department of labor and industry, it is fundamental that relationship of employer and employee between defendant and deceased be either admitted or proved.

3. SAME—DEPARTMENT OF LABOR AND INDUSTRY—INFERENCES.

Department of labor and industry may draw inferences from the facts and circumstances in determining whether relation of employer and employee or that of independent contractor existed.

4. SAME—REVIEW—EVIDENCE—INFERENCES.

On review of order of department of labor and industry denying compensation to alleged employee, Supreme Court may determine whether there is any competent evidence to support the findings made and whether inferences drawn are properly deducible from the testimony.

5. SAME — DEPARTMENT IS TRIER OF THE FACTS — EVIDENCE NOT WEIGHED ON REVIEW.

In proceedings under the workmen's compensation act, the department of labor and industry is the trier of the facts and on review of its orders the Supreme Court will not weigh the evidence (2 Comp. Laws 1929, § 8451).

6. SAME—FACTS WARRANTING DIRECT INFERENCES—INDEPENDENT CONTRACTOR.

> Supreme Court will not disturb finding of department of labor and industry that deceased carpenter was an independent contractor, hence not entitled to compensation, where the finding of such relation was a legitimate inference and court is unable to say that conclusion from the facts that employer-employee relation must be made as a matter of law.

Appeal from Department of Labor and Industry. Submitted January 11, 1935. (Docket No. 70, Calendar No. 38,064.) Decided March 5, 1935.

Eda Glenn presented her claim against McDonald Dairy Company, employer, and General Accident Assurance Corporation, insurer, for accidental death of her husband, Charles Glenn, while in defendant's employ. Award to defendants. Plaintiff appeals. Affirmed.

*Charles H. Goggin, Seth Q. Pulver* and *William M. Smith,* for plaintiff.

*Kerr, Lacey & Scroggie,* for defendants.

BUSHNELL, J. Claimant is the widow of Charles Glenn, a carpenter, who died as the result of a fall while working on the roof of defendant's barn. Defendant denied liability, claiming the deceased was an independent contractor and not an employee within the meaning of the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.*). The deputy commissioner made a full award to claimant. The department, however, said on appeal:

"We do not say that he was an independent contractor or that he was an employee but we do say that the burden of proof resting on the plaintiff to prove he was an employee has not been met."

The department, therefore, reversed the award of the deputy.

We cannot commend the manner in which this case was tried. There is no reason why the facts could not have been clearly presented and readily agreed upon by counsel in their briefs, but since they disagree, we take from the testimony sufficient for the purposes of this opinion.

While Glenn and Bush were repairing a porch at the home of William A. McDonald, vice-president of defendant company, a fire damaged a blacksmith shop and barn in the rear of the dairy plant. Bush testified:

"McDonald told Mr. Glenn that he could go over and fix the blacksmith shop and maybe the barn. * * * Mr. Glenn asked Mr. McDonald if he should take me; he said 'I don't care.'"

Both men were paid by the hour for shingling the roof, re-siding a part and repairing the cornice of the blacksmith shop. They then measured the barn and Glenn ordered the material needed for the job, which arrived on the day of the accident and was afterwards charged to and paid for by defendant company. Later the dairy company secured a permit to repair, but neither man at any time was licensed by the city as a contractor as required by ordinance. Glenn and Bush erected a scaffold, removed the damaged shingles, put a "toe-hold" on the roof, and while they were laying new shingles the toe-hold pulled loose. Bush caught himself on the scaffold but Glenn fell to the ground and died several hours later.

The only other testimony as to the nature of the employment was that of McDonald, who, over plaintiff's objection as to testimony equally within the

knowledge of the deceased (3 Comp. Laws 1929, § 14219), said that the barn job was awarded to Glenn on the basis of his bid of $244. The opinion of the board says:

"This commission rejects the testimony of Mc-Donald because it is clear that it is a violation of the opposite party rule," etc.

This holding is in accord with *Morse* v. *Railroad Co.,* 251 Mich. 309, citing *Hanna* v. *Michigan Steel Castings Co.,* 204 Mich. 139, and others.

It is fundamental that the relation of employer and employee must be either admitted or proved. The department may draw inferences from the facts and circumstances. We may also determine whether there is any competent evidence to support the findings and whether the inferences drawn are properly deducible from the testimony. *Johns* v. *Wisconsin Land & Lumber Co.,* 268 Mich. 675. The department held that claimant had not produced sufficient proof of the relationship between decedent and defendant company. To this appellant argues that there is evidence in the record showing or tending to show that decedent at the time of his injury was an employee of defendant company, and that since there is no claim that he was a trespasser and no competent proof that he was an independent contractor, a *prima facie* case of employment has been made. In *Paton* v. *Port Huron Engine & Thresher Co.,* 214 Mich. 130, 132, we held:

"If we are to determine when the plaintiff has met the burden of proof we must try the facts. But we have held again and again that the board is the trier of the facts."

We do not weigh the evidence on appeals from the department of labor and industry.

"In accordance with 2 Comp. Laws 1929, § 8451, we must adopt the findings of fact of the department of labor and industry as conclusive, unless there is no competent evidence to sustain such findings. *Meyers* v. *Railroad Co.*, 199 Mich. 134; *Luyk* v. *Hertel*, 242 Mich. 445; *Solomon* v. *Railway*, 221 Mich. 599. We may, however, determine whether there is any competent evidence to support such findings, or whether the inferences drawn are properly deducible from the testimony. *Ginsberg* v. *Burroughs Adding Machine Co.*, 204 Mich. 130; *Kirkley* v. *General Baking Co.*, 217 Mich. 307." *Bjorkstrand* v. *Klagstad*, 262 Mich. 186.

In *Ginsberg* v. *Burroughs Adding Machine Co.*, 204 Mich. 130, we said:

"The board is the trier of the facts, and weighs and measures the conflicting testimony, medical as well as lay. *Deem* v. *Kalamazoo Paper Co.*, 189 Mich. 655; *Perdew* v. *Nufer Cedar Co.*, 201 Mich. 520. It is the province of the board to draw the legitimate inferences from the established facts and to weigh the probabilities from such established facts. *Wilson* v. *Phœnix Furniture Co.*, 201 Mich. 531. But the inferences drawn must be from established facts."

There is some, but not much, conflict in the testimony. It is, however, subject to different inferences. The plaintiff draws one inference from the testimony, namely, that plaintiff's decedent was an employee, and the defendant draws another inference from the testimony, namely, that plaintiff's decedent was an independent contractor. Both the conflict and the inferences were matters for the department. *Marshall* v. *Baker-Vawter Co.*, 206 Mich. 466. Quite likely persons of equally good judgment might differ as to the inferences to be drawn from the testimony, and the court held in *Chaudier* v.

*Stearns & Culver Lumber Co.*, 206 Mich. 433 (5 A. L. R. 1673), following the ruling in the *Ginsberg Case, supra:*

"Where two inferences equally consistent with the facts arise out of established facts, one involving liability on the part of the employer under the act and the other relieving him from liability, the applicant must fail."

See, also, *Gatton* v. *Limerick Steamship Co.* (1910), 2 Irish Rep. 561, where the Lord Chancellor said:

"The question for us is not whether if the county court judge had found that the accident arose out of the employment we would have dissented from his finding in fact, but whether we can say that his actual finding is so unsupported by the evidence that there were no conceivable circumstances from which he could reasonably draw the inference he did."

Lord Justice Holmes observed:

"We have been referred to authorities in which a finding of fact has been set aside on appeal upon the ground that the burden of proof rested on the appellant, and there was no evidence to support the finding of the judge; but I know of no case resembling the present in which the appellate tribunal has reversed a negative finding on the ground that there was evidence on which he might have found the other way."

The other member of the Court of Appeal, Lord Justice Cherry, said:

"However strongly we may be of the opinion that he (the judge) was entitled to draw the same inference from the facts as was done in the case of *Mitchell* v. *Glamorgan Coal Co.* (23 T. L. R. 588), we

cannot direct, as a matter of law, that he was bound to draw the inference.''

Upon the issue here presented different inferences of fact could legitimately be drawn from the testimony, and to sustain appellant's contention this court must be able to say from the whole record, as a matter of law, that the department must find, not could find, as a conclusion of fact that Glenn at the time of the injury was defendant's employee within the meaning of the act. *Estate of Beckwith* v. *Spooner,* 183 Mich. 323 (Ann. Cas. 1916 E, 886). This we cannot say.

The order of the department is affirmed, with costs.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.