## LYNCH v. R. D. BAKER CONSTRUCTION CO.

1. WORKMEN'S COMPENSATION—RELATION OF EMPLOYER AND EM-
PLOYEE.

   In order to recover workmen's compensation, it is fundamental
   that the relation of employer and employee must be either
   admitted or proved.

2. SAME—RELATION OF EMPLOYER AND EMPLOYEE—EVIDENCE—IM-
PLIED AUTHORITY—RATIFICATION.

   Finding by department that relation of employer and employee
   existed between plaintiff and defendant paving company and
   that plaintiff was not a volunteer as claimed was supported by
   evidence showing that employee ordered to repair a concrete
   mixer which had been out of commission for a couple of months
   had implied authority to employ a helper, that plaintiff relied
   upon it and that the repairman's action was ratified by de-
   fendant's superintendent.

3. PRINCIPAL AND AGENT—APPARENT AUTHORITY.

   Persons dealing with an agent may rely on his apparent au-
   thority.

4. SAME—EVIDENCE.

   In action against principal by one dealing with an agent, the
   apparent authority of the latter must be gathered from all
   the facts and circumstances properly admitted in evidence.

5. SAME—APPARENT AUTHORITY—EVIDENCE—ESTOPPEL.

   Whenever a principal has placed an agent in such a situation
   that a person of ordinary prudence, conversant with business
   usages and the nature of the particular business, is justified
   in assuming that such agent is authorized to perform in behalf
   of the principal the particular act, and such particular act
   has been performed, the principal is estopped from denying
   the agent's authority to perform it.

---

* Continued from Vol. 296.
Acquiescence in similar acts as conferring authority on agent, see
1 Restatement, Agency, § 26 and comment d.

6. Workmen's Compensation—Inferences—Department of Labor and Industry.

    In proceedings to recover workmen's compensation, it is the province of the department of labor and industry to draw inferences from the testimony and weigh its probabilities.

7. Same—Findings of Fact by Department Conclusive on Supreme Court.

    Upon appeal from the department of labor and industry, the Supreme Court must take the department's findings of fact as conclusive unless there is no competent evidence to sustain such findings (2 Comp. Laws 1929, § 8451).

8. Same—Weight of Evidence—Supreme Court.

    The Supreme Court does not weigh the evidence on appeal in proceedings to recover workmen's compensation.

Appeal from Department of Labor and Industry. Submitted January 8, 1941. (Docket No. 25, Calendar No. 41,388.) Decided March 11, 1941.

Harley Lynch presented his claim against R. D. Baker Construction Company, Michigan Asphalt Paving Company, and State Accident Fund, insurer, for compensation for injuries. From award against Michigan Asphalt Paving Company and the insurer, they appeal. Affirmed.

*Oscar W. Baker,* for plaintiff.

*Harry F. Briggs* (*Roy Andrus,* of counsel), for defendants.

Bushnell, J. This appeal from the department of labor and industry involves the sole question whether plaintiff, Harley Lynch, was an employee of defendant, Michigan Asphalt Paving Company, on September 18, 1939.

R. D. Baker Construction Company, which had a contract to do some paving at Camp Skeel near Oscoda, Michigan, sublet the surfacing of this pavement to defendant Michigan Asphalt Paving Com-

pany. R. D. Baker is president of both companies and the two concerns occupy adjoining offices in the same building in the city of Royal Oak, Michigan. Carl Krueger is general superintendent of the R. D. Baker Construction Company, and George Lautzenhiser is superintendent of the Michigan Asphalt Paving Company.

On September 16, 1939, Robert M. Dodd, who had been employed by the Baker Company as a concrete mixer operator, was told by Krueger, in the presence of Lautzenhiser, to get some parts for a concrete mixer belonging to the Baker Company and be at Oscoda on Monday morning, September 18th, to put the mixer in working condition. Dodd had never worked for the Paving Company before the date in question. When he had last used the mixer some two months prior, he had been instructed to take the magneto and carburetor to Royal Oak in order to prevent them from being stolen.

Dodd left Pontiac on September 18th and, while en route to Oscoda, picked up plaintiff Lynch, who was seeking a ride from Pontiac to Bay City. During the trip, there was some conversation about work at Camp Skeel and Lynch continued with Dodd to that point in the hope of getting a job.

The concrete mixer, which weighs some 30 tons, had been out of operation for about two months. At the request and under the instructions of Dodd, Lynch helped him make some necessary repairs. Dodd said he could not turn the motor over on the mixer alone and that Lynch helped him crank the motor, put gasoline and water into the machine, and generally assisted him. While Dodd was operating the mixer, the "skip," weighing about 2,000 pounds, fell on Lynch.

Dodd testified that he had a conversation with Lautzenhiser, while Lynch was working on the machine, about giving Lynch work on the paving job.

Lautzenhiser said that, at the time of this conversation with Dodd, plaintiff was standing near a tree some six or eight feet from the machine; that Dodd asked him if he would give plaintiff a job and he said, "No." Lautzenhiser claimed that his purpose in going to Camp Skeel was to look for some trucks and that he was only there about five minutes.

Plaintiff's theory is that defendant Paving Company knew the weight of the mixer and its condition and the fact that one man could not repair it alone; and that, therefore, Dodd had implied or apparent authority to employ him and that defendant Paving Company is estopped from denying such authority. Plaintiff also argues that Lautzenhiser, by his conduct, approved and ratified the employment of Lynch by Dodd. The record shows that Dodd purchased gasoline and grease for the mixer and charged it to the Paving Company without orders from anyone. At another time, when working on this mixer and while in the employ of the Baker Company, Dodd hired a man to do some welding, who was subsequently paid by the Baker Company.

The department of labor and industry found that Dodd could not have made the necessary repairs without help and that he did have authority to employ Lynch as a helper in order to get the mixer started. The department said that "plaintiff in good faith relied on the apparent authority of Mr. Dodd to employ him, which employment subsequently was ratified by the superintendent of the defendant, Michigan Asphalt Pavement Company. The relation of employer and employee, therefore, existed between plaintiff and defendant."

Plaintiff relies upon the testimony of Dodd in support of his theory of ratification. Dodd said that when he told Lautzenhiser that Lynch was helping him on the repairs to the mixer at his request, and that they were having a hard time, Lautzenhiser

made no objections. It is fundamental that the relation of employer and employee must be either admitted or proved. *Glenn* v. *McDonald Dairy Co.,* 270 Mich. 346.

In *Aukstales* v. *Klotz,* 280 Mich. 355, which involved the same issue as that presented in the instant case, the court said:

"As there is some testimony, though very meager, that plaintiff was employed the afternoon of the accident for the sum of $1, we are bound to affirm the finding that plaintiff was a statutory employee under 2 Comp. Laws 1929, § 8416." (Stat. Ann. § 17.150.)

There is some evidence in the record to support the inference drawn by the department that Lynch relied upon the apparent authority of Dodd. The facts and circumstances support the conclusion that Dodd had authority to employ a helper.

In *Woodard* v. *Herald Publishing House,* 181 Iowa, 791 (165 N. W. 47), deceased had worked for the employer some weeks prior to his death but left when he became dissatisfied about his wages. A week later he returned and asked for work at the reduced wage. A subforeman, who was in apparent charge but who had no authority to employ help, urged deceased to go to work, and told deceased he would speak to the general superintendent, as soon as he came, about the matter. The superintendent, who had full control of the work, came, saw deceased at work, and voiced no objections. The subforeman did not speak to the superintendent, because he did not see him. Shortly after the superintendent arrived, deceased was accidentally killed. The court held that the question of the relation of master and servant was one of fact for the jury.

In *Maxson* v. *J. I. Case Threshing Machine Co.,* 81 Neb. 546 (116 N. W. 281, 16 L. R. A. [N. S.] 963),

one Thorpe was in the employ of defendant corporation as a salesman and an expert in demonstrating and exhibiting machinery. Plaintiff Maxson, in the absence of Thorpe, had done some work on a steam thresher that was being exhibited and, when Thorpe arrived, he asked the plaintiff to stay on and help him. Plaintiff was directed by Thorpe to assist in placing a belt in position on the thresher while it was in operation and, while doing this, Maxson's arm was caught in the belt and torn off. The defense of the defendant corporation, in a tort action brought by Maxson, was that the relationship of master and servant did not exist. The court held that Maxson was not a volunteer, that he had in good faith entered upon his work at the request of Thorpe, who was in apparent charge, and that he had a right to rely on Thorpe's authority to employ assistance, defendant corporation being charged with notice that Thorpe might employ a helper.

As was said in *Faber* v. *Eastman, Dillon & Co.,* 271 Mich. 142:

"It is elementary that persons dealing with an agent may rely on his apparent authority (*Marx* v. *King,* 162 Mich. 258), and that such authority is to be gathered from all of the facts and circumstances properly admitted in evidence. *Haines* v. *Leonard Warehouses, Inc.,* 199 Mich. 580; *Kerns* v. *Lewis,* 249 Mich. 27. This question was discussed at length by Mr. Justice McDONALD, speaking for the court, in *Maryland Casualty Co.* v. *Moon,* 231 Mich. 56, and the following from 21 R. C. L. p. 856, was quoted with approval (p. 62):

" 'Whenever a principal has placed an agent in such a situation that a person of ordinary prudence, conversant with business usages and the nature of the particular business, is justified in assuming that such agent is authorized to perform in behalf of the

principal the particular act, and such particular act has been performed, the principal is estopped from denying the agent's authority to perform it.' "

The testimony in the instant case is both meager and conflicting. However, questions of fact as to employment of plaintiff and Dodd's authority to employ were presented. These questions were resolved in favor of plaintiff by the department. There is evidence to support the findings and it is the province of the department to draw inferences from the testimony and weigh its probabilities. *Ginsberg* v. *Burroughs Adding Machine Co.*, 204 Mich. 130, and *Paton* v. *Port Huron Engine & Thresher Co.*, 214 Mich. 130. We must adopt the findings of fact by the department as conclusive unless there is no competent evidence to sustain such findings.* *Bjorkstrand* v. *Klagstad*, 262 Mich. 186.

We do not weigh the evidence, but there is sufficient testimony to support the finding of the department that Lynch was an employee and not a volunteer.

The award of the department of labor and industry is affirmed, with costs to appellee.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, MC-ALLISTER, and BUTZEL, JJ., concurred. WIEST, J., concurred in the result.

---

* See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—RE-PORTER.