POWELL v. TWIN DRILLING CO.

1. WORKMEN'S COMPENSATION—RELATIONSHIP OF EMPLOYER AND EMPLOYEE—EVIDENCE.

One seeking workmen's compensation for accidental injuries to himself must show he was in defendant's employ at the time of the accident, under a contract of hire, express or implied, either by affirmative proof or by admission on part of defendant (2 Comp. Laws 1929, § 8413, as last amended by Act No. 107, Pub. Acts 1939).

2. SAME—OIL DRILLER—ACCIDENT TO VOLUNTEER HELPER.

Roustabout of oil company who was present when defendant drilling company's men were endeavoring to unload a portable derrick near well at which oil had just been struck and who was injured while assisting such operation in response to casual request of defendant's foreman to stand on plank as part of counterbalance to unloading apparatus was but a volunteer and not an employee of defendant (2 Comp. Laws 1929, § 8413, as last amended by Act No. 107, Pub. Acts 1939).

Appeal from Department of Labor and Industry. Submitted January 6, 1942. (Docket No. 23, Calendar No. 41,804.) Decided February 11, 1942.

Von G. Powell presented his claim against Twin Drilling Company and Standard Accident Insurance Company for compensation for injuries received while allegedly in defendant's employ. Award to plaintiff. Defendants appeal. Reversed.

*H. Monroe Stanton,* for plaintiff.

*Lowell C. Stellberger,* for defendants.

CHANDLER, C. J.    Defendant, Twin Drilling Company, was under contract to drill an oil well for the Pure Oil Company in Arenac county. Plaintiff was employed by Pure Oil Company as a roustabout and had been so employed for a period of approximately two years prior to October 14, 1940, the date he sustained an accidental injury for which he seeks compensation herein.

Oil was struck by the drillers between 1 and 1:30 o'clock, a.m., Monday, October 14, 1940. About that time, an employee of defendant came to the house where plaintiff roomed to get another employee of the Twin Drilling Company and take him to the well. During the conversation, plaintiff

learned that oil had been found and shortly thereafter drove in his own car to the scene of operations. Upon arrival, he found some employees of defendant engaged in attempting to unload a portable derrick from a trailer by means of a gin pole and winch attached to the rear of a truck. The derrick, however, was so heavy that upon attempting to lift it from the trailer, the front of the truck to which the gin pole was attached would raise into the air. A plank had been placed across the front bumper of the truck and two of defendant's regular employees were standing thereon but their weight was not sufficient to keep the truck on the ground. Plaintiff claims that defendant's foreman, Mr. Rush, requested him to give assistance by standing on the plank, which he did. After standing there for a few minutes, one of the other men jumped off, whereupon the front of the truck again raised in the air and plaintiff was thrown to the ground, with resulting injury.

The department of labor and industry found that defendant's foreman requested plaintiff's assistance in standing on the front of the truck and that he thereupon became an employee of the Twin Drilling Company. An award of compensation was accordingly entered and this appeal in the nature of certiorari followed.

To entitle plaintiff to compensation, he must have been in the employ of defendant at the time of the accident, under a contract of hire, express or implied. 2 Comp. Laws 1929, § 8413, as amended by Act No. 204, Pub. Acts 1937, and Act No. 107, Pub. Acts 1939 (Comp. Laws Supp. 1940, § 8413, Stat. Ann. 1941 Cum. Supp. § 17.147). It is fundamental in this type of proceeding that before plaintiff can recover, the relationship of employer and

employee must be admitted or proved. *Lynch* v. *R. D. Baker Construction Co.,* 297 Mich. 1.

The facts as found by the department of labor and industry, although supported by the record and therefore not subject to inquiry by us, do not sustain the legal conclusion that the required relationship existed. Plaintiff had never worked for Twin Drilling Company. He was requested by no one to be present on the occasion in question, but, according to his own testimony, came to the site of the well because of curiosity. He happened to be present and responded to a casual request for assistance for the moment. To sustain the award would make every person rendering momentary requested assistance to another an employee and lead to all manner of absurdities. On the issue of the existence of the employer-employee relationship, the case is fundamentally indistinguishable from *Smedley* v. *Mashek Chemical & Iron Co.,* 189 Mich. 64. Plaintiff was a volunteer.

The award is reversed, with costs to defendants.

BOYLES, NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.