AUTEN v. UNEMPLOYMENT COMPENSATION COMMISSION.

1. UNEMPLOYMENT COMPENSATION—CONSTRUCTION OF STATUTES—MASTER AND SERVANT—PARTNERSHIP.

   In cases of first impression under the unemployment compensation act a liberal construction should be made, bearing iñ mind the purpose of the law, the policy declared by the legislature and that common-law rules as to the relation of master and servant, as well as the ordinary rules governing copartnership, provide no controlling tests as against tests enumerated in the act (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

2. SAME—WORKING PARTNERS.

   While a copartnership may be an "employing unit" under the unemployment compensation act and "employment" means service, including service in interstate commerce, performed

for remuneration or under any contract of hire, written or oral, express or implied, the term ''employee'' remains undefined and is silent upon the question as to whether a working partner may be considered as an employee of the copartnership (Act No. 1, §§ 40, 42, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

3. Partnership—Working Partners—Statutes.

It is the policy of this State to consider working members of a partnership as employees thereof only when there is legislation to that effect.

4. Unemployment Compensation—Working Partners.

Since the legislature has not expressly included working partners in the unemployment compensation act as employees, the Supreme Court cannot say that it was the legislature's intention to include them (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941).

Appeal from Tuscola; DesJardins (George W.), J. Submitted October 12, 1944. (Docket No. 70, Calendar No. 42,862.) Decided January 2, 1945.

Certiorari by Meredith B. Auten and others, copartners doing business as G. A. Tindale Ford Sales, to review an order of the appeal board of the Michigan Unemployment Compensation Commission finding that one of the partners was also an employee. Judgment for plaintiffs. Defendant appeals. Affirmed.

*Roland O. Kern,* for plaintiffs.

*Herbert J. Rushton,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara, Frank Day Smith,* and *Victor H. Meier,* Assistants Attorney General, for defendant.

Sharpe, J. This is an appeal from a judgment of the circuit court of Tuscola county on certiorari reversing an order of the appeal board of the

Michigan unemployment compensation commission. The record shows that the claimant, John A. McGrath, was employed as a salesman by a co-partnership known as "G. A. Tindale Ford Sales," from June, 1938, to January 17, 1942, at a regular salary. The partnership was composed of M. B. Auten, G. A. Tindale and R. L. Keppen. The business was managed by R. L. Keppen, who was paid a salary of $175 per month, independently of his share of the profits of the partnership. The other partners received no salary, but depended upon dividends from their investment in the partnership. Keppen had bought an interest in the firm which amounted to 20 per cent. and represented an investment of $3,000. If Keppen were considered as an employee of the firm during the years 1939, 1940, and 1941 then there would have been 20 or more calendar weeks in each of these years in which there were eight or more individuals employed by the copartnership.

The sole question for our determination is whether a working partner, receiving a stated salary, is "in employment" as defined by the Michigan unemployment compensation act in effect at the time this controversy arose. (Act No. 1, Pub. Acts 1936 [Ex. Sess.], as amended by Act No. 364, Pub. Acts 1941 [Comp. Laws Supp. 1940, 1942, § 8485-41 *et seq.*, Stat. Ann. 1942 Cum. Supp. § 17.501 *et seq.*].)

This is a case of first impression in this State, and where possible the provisions of the law should be liberally construed. (See *Godsol* v. *Unemployment Compensation Commission,* 302 Mich. 652 [142 A. L. R. 910].) In interpreting the definitive provisions of the act we shall have in mind the purpose of the law, the policy declared by the legislature, and that common-law rules as to the relation of

master and servant, as well as the ordinary rules governing copartnership, provide no controlling tests as against those tests enumerated in the act.

The commission urges that the language of the definitive sections of the act (sections 40-44)* is sufficiently broad to include a working partner as an employee of the firm, and provisions excluding certain classes (section 42, subd. 6 [a, b, c] )† do not bar such a partnership member from compensation benefits.

It is to be noted that under section 40 of the act a copartnership may be an "employing unit," while under section 42 "employment" means service, including service in interstate commerce, performed for remuneration or under any contract of hire, written or oral, express or implied. The term "employee" remains undefined. The act is silent upon the question of whether a working partner may be considered as an employee of the copartnership. The general rule under workmen's compensation acts is as stated in 71 C. J. p. 505, § 234:

"While there are decisions to the contrary, and statutory provisions whose effect is otherwise, the weight of authority is that a member of a partnership cannot be an employee thereof within a workmen's compensation act, even though he is doing work for it and receiving wages or salary apart from his share of the profits, since one cannot be, at the same time, employer and employee or master and servant, and since a partner in rendering services to the partnership is only carrying out his obligations as a member thereof, and is not acting as a servant or employee."

Prior to Act No. 173, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 5429 [see Comp. Laws Supp. 1940,

* Comp. Laws Supp. 1940, 1942, §§ 8485–80—8485–84, Stat. Ann. 1942 Cum. Supp. §§ 17.542–17.548.—Reporter.
† Comp. Laws Supp. 1942, § 8485–82, Stat. Ann. 1942 Cum. Supp. § 17.545.—Reporter.

§ 8413, Stat. Ann. 1944 Cum. Supp. § 17.147]),
working members of a partnership receiving wages,
irrespective of profits, were not employees within
the meaning of the workmen's compensation law, but
by virtue of the above act such partners were given
the status of employees for the purpose of compen-
sation. (See *Gallie* v. *Detroit Auto Accessory Co.,*
224 Mich. 703, and *Wilcox* v. *Wilcox Bros.,* 232 Mich.
140.)

From the above it is clear that the policy of our
State is to consider working members of a partner-
ship employees only when there is legislation to that
effect. The reason for this rule is well stated in
*Gallie* v. *Detroit Auto Accessory Co., supra,* where
Justice WIEST, speaking for the court, said:

"It is somewhat anomalous to say that a partner
may, as a member of a firm, be an employer and as
such come within the compensation law, and then if
he works for the firm for wages be also an employee
within the meaning of the act, but the compensation
law so provides, and is evidently based on the hold-
ings that a partner may, by special agreement, be
entitled to wages for services rendered the firm, even
though such compensation must be worked out in an
accounting between the partners."

While the above citation is from a workmen's
compensation case, yet the same principle of law is
involved. The legislature not having expressly in-
cluded working partners in the act as employees, we
cannot say that it was their intention so to include
them. The trial court found that such partners were
not to be considered as employees.

The judgment of the trial court is in harmony with
the great weight of authority, and the same is af-
firmed, with costs to plaintiff.

STARR, C. J., and NORTH, WIEST, BUTZEL, BUSH-
NELL, BOYLES, and REID, JJ., concurred.