## SCOTT v. ALSAR COMPANY.

1. WORKMEN'S COMPENSATION—INDEPENDENT CONTRACTOR.
   The distinction between the relationship of employer and employee, and the relationship of an independent contractor, has been observed in applying the workmen's compensation act and a finding that the injured person was an independent contractor precluded finding he was an employee (CL 1948, § 411.7).

2. SAME—COMMON-LAW RELATION OF EMPLOYER AND EMPLOYEE—INDEPENDENT CONTRACTOR.
   The workmen's compensation act applies to the relation of employer and employee as that relation was known at the common law and not at all to the relation of an independent contractor to a job or jobs (CL 1948, § 411.7).

3. SAME—FINDING AS TO RELATIONSHIP OF EMPLOYER AND EMPLOYEE.
   The relationship of employer and employee must be either admitted or proved in order to entitle anyone to payment of compensation under the workmen's compensation act (CL 1948, § 411.7).

4. SAME—INDEPENDENT CONTRACTOR—CONSTRUCTION OF TITLE.
   The title of the workmen's compensation act is construed as not covering payment of compensation for injuries to or death of an independent contractor, notwithstanding the provision of the Constitution requiring that the single object of a law must be expressed in the title is to be given a liberal construction (Const 1908, art 5, § 21; CL 1948, § 411.1 et seq.).

REFERENCES FOR POINTS IN HEADNOTES

[1-4, 6-9] 58 Am Jur, Workmen's Compensation §§ 137, 138.
[1-4, 6-9] Tests of independent contractor relationship in the field of workmen's compensation and social security acts. 134 ALR 1029.
Independence of contract considered with relation to the scope and construction of statutes. 43 ALR 335.
Who are "workmen" or "operatives" within workmen's compensation act. 129 ALR 990.
[5] 40 Am Jur, Partnership § 18.

5. Partnership—Separate Entity from That of its Members.

A copartnership is a separate and distinct legal entity from that of its component members.

6. Workmen's Compensation—Definition of Employee—Independent Contractors—Title of Act.

Clause in definition of employee, contained in workmen's compensation act, providing coverage to "any person insured for whom and to the extent premiums are paid based on wages, earnings or profits," which did not specifically mention independent contractors, is construed as not covering the latter in view of the failure of the title of the act to embrace them (CL 1948, § 411.7, as amended by P.A 1949, No 284).

7. Same—Partners as Employees—Independent Contractor.

Legislative declaration that a partner may become an employee of the partnership of which he is a member and become entitled to workmen's compensation as an employee does not provide a basis for including an independent contractor in coverage of act, where coverage is not expressly extended to such class (CL 1948, § 411.7, as amended by P.A 1949, No 284).

8. Same—Independent Contractor—Construction of Statutes—Principal's Liability to Employees of Contractor or Subcontractor.

Impliedly the legislature has indicated that the term "employee", as used in the workmen's compensation act, did not embrace the relation of independent contractor, by providing that a principal who contracts with a contractor will be liable for payment of workmen's compensation to an injured employee of the contractor or subcontractor and entitled to indemnity from the contractor or subcontractor for such liability (CL 1948, § 411:10).

9. Same—Independent Contractor—Payment of Premiums—Estoppel.

Payment of workmen's compensation insurance premiums by employer to cover labor performed in the doing of roofing work for plaintiff, admittedly an independent contractor, did not estop the employer and its insurer from raising question as to liability for injuries which he suffered when he fell from roof (CL 1948, § 411.7, as amended by P.A 1949, No 284).

Adams and Bushnell, JJ., dissenting.

Appeal from Workmen's Compensation Commission. Submitted January 6, 1953. (Docket No. 16, Calendar No. 45,536.) Decided June 8, 1953.

Ernest A. Scott presented his claim for compensation against Alsar Company and its insurer, New Amsterdam Casualty Company, for injuries suffered when he fell from roof. Award to plaintiff. Defendants appeal. Reversed and remanded for entry of order denying compensation.

*Bernstein & Bernstein* (*David Bernstein* and *Edwin S. Moag,* of counsel), for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin* (*David V. Martin,* of counsel), for defendants.

Boyles, J. We are here called upon to answer the following question:

Is the plaintiff, as an independent contractor, entitled to an award of compensation under section 7, subdivision 2, part 1, of the workmen's compensation act, as amended,* in the light of article 5, § 21, of the Michigan Constitution?

On August 30, 1950, plaintiff was injured by falling from a roof while doing work for the defendant Alsar Company. Both parties here concede that he was an independent contractor. The commission so found (quoting from its opinion):

"It is obvious that plaintiff had a contract for a completed job which did not require his personal service. It was not a contract of hire which created an employer-employee relationship. We think the record conclusively established the status of the plaintiff at the time of the injury as that of an independent contractor."

---

* CL 1948, § 411.7, as amended by PA 1949, No 284 (Stat Ann 1950 Rev § 17.147).

Section 7, part 1, of said act, as last amended by PA 1949, No 284, provides in part as follows:

"The term 'employee' as used in this act shall be construed to mean: * * *

"2. Every person in the service of another, under any contract of hire, express or implied, including aliens, including working members of partnerships, receiving wages irrespective of profits from such, including any person insured for whom and to the extent premiums are paid based on wages, earnings or profits, and also including minors."

It is conceded that the plaintiff could not furnish compensation insurance coverage when he first contracted with the defendant Alsar Company to do roofing work, and that workmen's compensation insurance premiums were deducted from his pay by said company. Such deductions were based upon the gross amount paid for labor performed under the contract, not necessarily that of the plaintiff, inasmuch as plaintiff's contract was not one for personal service. The work could be performed by persons that plaintiff might choose to employ.

Plaintiff claims that the payment of such premiums by the Alsar Company brought the plaintiff within the definition of an employee in said section 7, subd 2, pt 1, of the act, as a person in the service of the Alsar Company under a contract of hire by reason of the aforesaid provision in said section — "including any person insured for whom and to the extent premiums are paid based on wages, earnings or profits."

The commission held with the plaintiff and awarded compensation. The defendants appeal. Their claim is that if plaintiff is allowed workmen's compensation as an independent contractor, not as an employee, it would render said provision unconstitu-

tional under article 5, § 21, of the Michigan Constitution (1908), wherein it provides that:

"No law shall embrace more than one object, which shall be expressed in its title."

The title of the workmen's compensation act is as follows:

"An act to promote the welfare of the people of this State, relating to the liability of employers for injuries or death sustained by their employees, providing compensation for the disability or death resulting from occupational injuries or disease or accidental injury to or death of employees and methods for the payment, and apportionment of the same, establishing an industrial accident board, defining its powers, providing for a review of its awards, making an appropriation to carry out the provisions of this act, and restricting the right to compensation or damages in such cases to such as are provided by this act."

The distinction between the relationship of employer and employee, and the relationship of an independent contractor, has long been recognized by this Court. *Bacon* v. *Candler,* 181 Mich 372; *Utley* v. *Taylor & Gaskin, Inc.,* 305 Mich 561; *Brown* v. *Standard Oil Co.,* 309 Mich 101; *Brinker* v. *Koenig Coal & Supply Co.,* 312 Mich 534. Unless a different rule of law is to be applied under the workmen's compensation act, the finding of the commission that the plaintiff was an independent contractor negatived the possibility of finding that the plaintiff was an employee of the defendant Alsar Company.

There can be no doubt but that prior to the amendment of said section 7, pt 1, of the workmen's compensation act by PA 1949, No 284, the plaintiff as an independent contractor would not have been entitled to an award of compensation. This Court has so held.

· . "The Michigan workmen's compensation statute applies to employer and employee in the sense of such relation at common law, and not at all to the relation of an independent contractor to a job or jobs." *Dennis* v. *Sinclair Lumber & Fuel Co.* (1928), 242 Mich 89.

"Mr. Slessor was exercising an independent employment, contracting to perform· particular pieces. of work for others, according to his own ·methods, with his own employees, and without subjection to control of his employer, except as to the result called for by his undertaking. His employees worked for him, looked to him for their pay, he collected compensation due him for their labor and his own, and, from his contract .earnings, paid his help. He was not required to do the work himself, and, in fact, at the time of accident, was using the labor of others in his employ, and he alone could have discharged any one of his employees.

"An injured independent contractor. does not come within any provision of the workmen's compensation act." *Slessor·* v. *Board of Education of Kalamazoo* (1932), 256 Mich 389.

"It is fundamental that the relation of employer and employee must be either admitted or proved. *Glenn* v. *McDonald Dairy Co.,* 270 Mich 346." *Lynch* v. *R. D. Baker Construction Co.* (1941), 297 Mich 1.

"To entitle plaintiff to compensation, he must have been in the employ of defendant at the time of the accident, under a contract of hire, ·express or implied. CL 1929, § 8413, as amended by PA 1937, No 204, and PA 1939, No 107 (CLS 1940, § 8413, Stat Ann 1941 Cum Supp § 17.147). It is fundamental in this type of proceeding that before plaintiff can recover, the relationship. of employer and employee must be admitted or proved." *Powell* v. *Twin Drilling Co.* (1942), 300 Mich 566.

The language in section 7, subd 2, pt 1, of the act was changed by PA 1949, No 284, to that hereinbefore quoted. Plaintiff claims that under its changed

provisions he is entitled to compensation, although admittedly an independent contractor. The defendant appellants claim that such a construction would necessarily require that by including independent contractor, said section would be unconstitutional because outside the title of the act.

The title of the act expressly refers to the liability of employers for injuries or death sustained by their employees. It provides for compensation for disability or death resulting from occupational injuries or disease or accidental injury to or death of employees. Had the legislature so intended, it would have been a simple matter to add "independent contractor" to those cases and those persons within the express provisions of the title. While we have frequently held that article 5, § 21, of the Constitution is not to be given a narrow or strained construction (*Mackin* v. *Detroit-Timkin Axle Co.*, 187 Mich 8), we conclude that the inclusion of independent contractor within the title of the act could not at this time be accomplished except by judicial fiat. For a recent precedent where this Court has declined to enlarge the title and scope of the act by judicial fiat, see *Arnold* v. *Ogle Construction Co.*, 333 Mich 652.

To support plaintiff's position that independent contractor is within the purview of the title of the act, his counsel point to our decisions holding that working members of a copartnership are within the title.[*] The distinction is plain. Section 7, subd 2, pt 1, of the act expressly provides that working members of partnerships receiving wages irrespective of profits as such, shall be considered as employees of the partnership. A copartnership is a separate and distinct legal entity from that of its component members. *Chisholm* v. *Chisholm Construc-*

---

[*] *Gallie* v. *Detroit Auto Accessory Co.*, 224 Mich 703; *Auten* v. *Unemployment Compensation Commission*, 310 Mich 453; *Chisholm* v. *Chisholm Construction Co.*, 298 Mich 25.

*tion Co.,* 298 Mich 25; *Lobato* v. *Paulino,* 304 Mich 668. Under the workmen's compensation act, a partner may become an employee of the partnership of which he is a member, and be entitled to compensation as such employee, the legislature having expressly so declared. It has not declared that an independent contractor is an employee of the other party to his contract. To place such a construction on the provision in section 7, pt 1, of the act on which the plaintiff relies would put it outside the title of the act. It embraces the relationship of employer and employee, but not that of an independent contractor.

The legislature, at least by implication, has 'indicated in the act an intention not to include an independent contractor within the definition of an employee. In section 10, pt 1, of the act,* the legislature has provided the circumstances under which the principal who contracts with a contractor will be held liable for compensation to an injured employee of the contractor or subcontractor, and be entitled to be indemnified by the contractor or subcontractor for such liability. This has been held valid. *Burt* v. *Munising Woodenware Co.,* 222 Mich 699; *Michigan Boiler & Sheet Iron Works, for use and benefit of American Mutual Liability Co.,* v. *Dressler,* 286 Mich 502; *Currier Lumber Co., for use and benefit of Fidelity & Casualty Co. of New York,* v. *Van Every,* 312 Mich 375.

See, also, *Rinebold* v. *Bray,* 248 Mich 321.

Nor are we impressed by plaintiff's argument that the defendant company and its compensation insurance carrier are estopped from raising the question. It is a fair inference that the reason why the Alsar Company paid the premiums was because of its doubt whether plaintiff might or might not be considered as an employee, under the act.

---

* CL 1948, § 411.10 (Stat Ann 1950 Rev § 17.150).

Reversed and remanded for entry of an order denying compensation.

DETHMERS, C. J., and BUTZEL, CARR, SHARPE, and REID, JJ., concurred with BOYLES, J.

ADAMS, J. (*dissenting*). I do not agree with the conclusion that the plaintiff, under the circumstances outlined in this case, is not covered by the workmen's compensation act,[*] as amended by PA 1949, No 284, or that such coverage, if provided in that act, would make the pertinent provisions thereof unconstitutional.

The statute, as amended, defines an employee for the purposes of the act as "every person in the service of another, under any contract of hire, * * * including any person insured for whom and to the extent premiums are paid based on * * * profits."

"Profit" is defined in Webster's New International Dictionary (2d ed) as:

"The share of the employing classes in the distribution of the products of industry, as distinct from *wages* * * * and *rent*." (Emphasis is citation, not added.)

Working members of a partnership are specifically mentioned as an included group in another part of the same definition and were so included prior to the amendment of 1949. Quite obviously, therefore, the amendment was not intended to refer to that group. There remains only one other group of persons who could be in the service of another and earn profits. Such persons would be independent contractors. In this amendment of the workmen's compensation act, the legislature has clearly and unequivocally stated that independent contractors in the service of another shall be covered by the act when premiums are

---

[*] CL 1948, § 411.1 *et seq.* (Stat Ann 1950 Rev § 17.141 *et seq.*).

paid for such insurance and it takes no judicial fiat to determine that fact.

Further, such provision for coverage of independent contractors under the specific conditions set forth does not render the amendment unconstitutional as being outside the scope of the title of the workmen's compensation act. We are here concerned with a statutory definition of an employee, not one taken from common law nor from the dictionary.

"It is within the legislative power to define the sense in which words are employed in a statute." 50 Am Jur, p 253, § 261.

"A statutory definition supersedes the commonly accepted, dictionary, or judicial definition. Where an act passed by the legislature embodies a definition, it is binding on the courts." 50 Am Jur, p 254, § 262.

"These later cases demonstrate that it is within the power of the legislative department to define a corporation, and if an association falls within such definition the courts will give force to such definition irrespective of whether the association is one organized under statutory authority or not." *Hemphill* v. *Orloff*, 238 Mich 508, 519 (58 ALR 507).

This Court has approved of the inclusion of the working members of a partnership within the definition of "employee" as used in the act. *Gallie* v. *Detroit Auto Accessory Co.*, 224 Mich 703. Approved, also, are the provisions of section 10, pt 1, of the workmen's compensation act which makes the principal contractor liable for compensation to any injured employee of a subcontractor. In neither situation does the common-law relationship of employer-employee exist between the person or entity for whom the service is performed and the person who renders that service.

In passing upon the right to compensation of an injured working partner, it has been said:

"Prior to PA 1921, No 173 (CLS 1922, § 5429 [see CLS 1940, § 8413, Stat Ann 1944 Cum Supp § 17.147]), working members of a partnership receiving wages, irrespective of profits, were not employees within the meaning of the workmen's compensation law, but by virtue'of the above act such partners were given the status of employees for the purpose of compensation." *Auten* v. *Unemployment Compensation Commission*, 310 Mich 453.

The amendment of the definition of "employee" to include independent contractors in the service of another upon whose profits premiums are paid is a reasonable extension of the scope of the workmen's compensation act and is germane to its purposes.

"The rule is that what is germane to the subject as expressed in the title is within its scope. It is germane to the title of the act to define the terms as used in the act. That is what section 49 does, extending the definition beyond the scope of that of the dictionary, perhaps, but, nevertheless, defining it. If it has misdefined one of those words according to the dictionary, would the act to that extent be unconstitutional? If so, every act that defines a word must stay strictly with the dictionary or define that word also in the title, which has never been done so far as we are aware. For example, in the very act in question, C. L. sections 4377–4383 define various words, including employer and employee. The legislature has a right to do this, and thereby declare the sense in which the words are used both in the title and in the rest of the act. If it be claimed that this will permit the legislature to avoid the beneficence of this section of the Constitution by adopting absurd and unreasonable definitions, the answers are 2: First, we have no right to assume that the legislature will be unreasonable; and, second, the question is not before us because the present defini-

tion is reasonable." *Industrial Commission* v. *Continental Investment Co.*, 78 Colo 399 (242 P 49).
The order of the commission should be affirmed.

BUSHNELL, J., concurred with ADAMS, J.