## DAVIS *v.* HAMPTON STAVE COMPANY.

### Opinion delivered March 14, 1927.

1. CARRIERS—FAILURE TO SHIP OVER RAILROAD—JURY QUESTION.—Whether a stave company's failure to ship over plaintiff railroad the percentage of its finished product required by a contract granting to such stave company a special rate on rough material was due to a lack of cars furnished by plaintiff *held* a question for the jury in a suit to recover the amount of an undercharge.

2. ESTOPPEL—RESPONSIBILITY FOR NONPERFORMANCE OF CONTRACT.—He who prevents a contract from being performed can not avail himself of the benefit of the nonperformance which he has occasioned.

3. CARRIERS—BREACH OF CONTRACT.—Where the Director General of Railroads, by his failure to furnish cars, made it impossible for a stave company to comply with its contract to ship a certain percentage of its products over a particular line, he could not recover for the breach.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; affirmed.

*Thos. S. Buzbee, Geo. B. Pugh* and *A. S. Buzbee,* for appellant.

*T. D. Wynne* and *Charles A. Miller,* for appellee.

SMITH, J. This suit was instituted by James C. Davis, Director General of Railroads, as agent, against the Hampton Stave Company, to recover an undercharge growing out of the alleged failure of the stave company to ship out over the lines of the Chicago, Rock Island & Pacific Railroad Company the required percentage of finished products for the amount of rough material which had been shipped into the plant of the stave company over the lines of said railroad company, under the terms of a so-called "rough material" contract.

The complaint alleged that, on the 20th day of May, 1920, the stave company entered into a contract with J. M. Dickinson, receiver of the Chicago, Rock Island & Pacific Railway Company, to secure the benefits of the proportional rates on rough forest products, as provided in § E, columns A and B, Railroad Commission of Arkan-

sas, Standard Freight Distance Tariff No. 5. A copy of the contract was made an exhibit to the complaint.

Under the terms of this contract the stave company agreed to ship out over the lines of the Chicago, Rock Island & Pacific Railway Company finished products equal to the percentage of rough forest products moving into its mill over the lines of said railroad company, as required by the tariff, and that, upon failure so to do, the stave company would pay charges based upon local rates for such forest products for which it failed to ship out the required percentage of finished products.

The complaint alleged that, upon the discharge of the said Dickinson as receiver, the Chicago, Rock Island & Pacific Railroad Company succeeded to all the right, title and interest of the said receiver in said contract, and that, on December 17, 1917, the President of the United States took over the operation of certain railroads of the country, of which the Chicago, Rock Island & Pacific Railroad was one, and that the same was operated by the United States Government from that date until February 29, 1920, and that the United States Railroad Administration succeeded to all the right, title and interest of the railroad company in the contract between the receiver and the stave company.

The complaint alleged a deficiency of finished products shipped out by the stave company, and prayed judgment for the sum due for the alleged breach of the contract by the stave company.

The stave company filed an answer, in which it denied that it had failed to ship the required proportion of finished products over the lines of the Chicago, Rock Island & Pacific Railroad Company, and, for further answer, alleged that, if it had so failed, its default was due to the failure of the railroad administration to furnish the necessary cars for that purpose.

The trial court submitted the question of the failure of the railroad administration to furnish cars to the jury,

and instructed the jury to find for the plaintiff, Director General of Railroads, if there had been no such failure.

On this issue the stave company offered testimony to the effect that, during the period of Government control, the United States Government assumed control of and operated, not only the Chicago, Rock Island & Pacific Railroad Company's line of railroad in the State of Arkansas, but also the line of railroad belonging to the St. Louis Southwestern Railway Company, both of which railroads entered and operated lines into and out of the city of Fordyce, Arkansas, where the stave company's mill was located, and that the Director General of Railroads, during the period of Government control, did not furnish cars when requested for the purpose of shipping out its finished products over the Chicago, Rock Island & Pacific Railroad, but did furnish cars enabling it to ship its finished products over the St. Louis-Southwestern Company's lines.

The answer alleged, and testimony was offered to show, that the stave company stood ready to ship its finished products to the amount required by said contract. Objection was made to testimony offered by the stave company to the effect that the Director General of Railroads failed and refused to furnish cars when requested, upon the ground that it was incompetent, and excepted to the action of the court in permitting its introduction.

The jury returned a verdict for the stave company, which fact indicates a finding that the failure of the stave company to ship finished products was due to the failure of the Director General to furnish cars for that purpose. Judgment was rendered accordingly, and the Director General of Railroads has appealed.

We think the issue, whether the stave company's failure to ship its finished products was due to the failure of the Director General of Railroads to furnish cars for that purpose, was properly submitted to the jury, and that the verdict of the jury, returned under proper instructions, is decisive of the question involved in this case.

The applicable principle of law controlling here was announced by this court in the case of *Vaughan* v. *Odell & Kleiner,* 149 Ark. 118, where it was said: "It is a well-settled and sound principle of law that he who prevents a thing from being done shall not avail himself to his own benefit of the nonperformance which he has occasioned."

The Director General of Railroads, by his failure to furnish cars, made it impossible for the stave company to comply with the contract here sued on; he cannot therefore avail himself of the nonperformance of the contract which his own failure occasioned.

The judgment of the court below is correct, and is therefore affirmed.