CHISHOLM *v.* CHISHOLM CONSTRUCTION CO.

1. WORKMEN'S COMPENSATION—WORKING MEMBERS OF PARTNERSHIPS.

   Working members of partnerships who receive wages irrespective of profits are entitled to workmen's compensation (2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931).

2. SAME—INJURED PARTNER—FAILURE TO REPORT ACCIDENT OR CLAIM COMPENSATION—ESTOPPEL.

   Working member of partnership who received wages irrespective of profits, and was injured, was estopped, as an employee, from asserting that partnership's failure to report accident to department of labor and industry suspended the six-months' limitation imposed by the workmen's compensation act for presentation of claims since, as partner, he was both employer and employee and, as employee, could not take advantage of his own default as employer in reporting accident to excuse his default as employee in asserting claim for compensation (2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931; § 8431).

3. PARTNERSHIPS—FICTION DISREGARDED TO PREVENT INJUSTICE OR FRAUD.

   A partnership is a legal entity separate from the individuals composing it but in order to prevent injustice and fraud the fictional entity is disregarded and members are regarded as individuals.

Appeal from Department of Labor and Industry. Submitted April 16, 1941. (Docket No. 37, Calendar No. 41,401.) Decided June 2, 1941.

Archie Chisholm presented his claim against Chisholm Construction Company, a partnership, and its insurer, National Casualty Company, for compensation for injuries sustained while in defendant's employ. From award to plaintiff, defendant insurer appeals. Reversed.

*William F. Pellow* (*S. W. Patek,* of counsel), for plaintiff.

*Charles M. Humphrey* and *Charles M. Humphrey, Jr.,* for defendant.

Butzel, J. Appellant National Casualty Company was the insurer of Chisholm Construction Company under the workmen's compensation act (2 Comp. Laws 1929, § 8407 *et seq.* [Stat. Ann. § 17.141 *et seq.*]). Chisholm Construction Company, one of the defendants, was a copartnership in which Archie Chisholm, plaintiff, was a copartner with his brother John Chisholm, who died before the hearing of the case. Premiums paid to appellant were based upon the payroll of the copartnership, which included the salary of $200 a month paid to plaintiff as managing partner. John Chisholm, the other partner, took no active part in the operation of the business, and it appears that he was living with his sister in Duluth, Minnesota, part of the time. At the time of plaintiff's injury, John did nothing whatsoever on the job. After the injury, he signed checks because plaintiff so instructed him. He was not familiar with the job because he was in Duluth while plaintiff was at the job in Ironwood. Plaintiff testified that he located the jobs, did the

running around, and was paid $200 a month salary besides his share of the profits.

The copartnership was erecting a building for a publishing company at Ironwood, Michigan. On November 13, 1936, plaintiff, who lived in Bessemer, which is seven miles east of Ironwood, remained on the job until about 9:30 in the evening. He took one of the workmen home to Bessemer and then recalled that he had forgotten to turn off the lights in the building at Ironwood and returned for that purpose. Plaintiff went next to Hurley, Wisconsin, which is just across the river from Ironwood, to see a brick salesman in regard to freight charges on brick; then he returned to see how the floors were setting at the building in Ironwood, and left the building for his home about 12:10 on the morning of the 14th of November, 1936. The next day was payday and plaintiff claims he was going to his home to make out the payroll. His car went off the road between Ironwood and Bessemer and while pushing the car he fell and fractured both bones in his right leg. He remained in the hospital until January 10, 1937, and his physician discharged him on February 28, 1937. He claims to be disabled because of a permanent arthritic condition resulting from the accident.

Following the accident, the publisher of the newspaper together with plaintiff supervised the work which was completed in July, 1937. Plaintiff testified that his salary has continued since the accident but that he has not collected it although he has a valid claim for it against the copartnership. The deputy commissioner awarded plaintiff medical and hospital expenses but no other amounts for compensation. The department, however, modified the award and allowed plaintiff compensation at $18 a week for total disability from the date of the acci-

dent to February 28, 1937, and from that time on at the rate of $15.38 per week until further order. Defendant casualty company appeals.

Many questions are raised on appeal. It is admitted that no claim for compensation was filed for almost three years. Appellant contends that the failure to make a claim within the statutory period of six months is fatal to claimant's right of recovery. It also asseverates that the accident did not arise out of or in the course of employment, as appellant was going to his own home for the night, and that in making out the payroll plaintiff was acting in a proprietary capacity. Further claim was made that inasmuch as plaintiff asserts a valid claim for his entire salary during the time that he was laid up, he cannot also recover compensation. Further objections were made to the fact that material testimony should not have been admitted as it was equally within the knowledge of plaintiff's brother who is deceased.* It is unnecessary to discuss all of these questions and the others that are raised, as we believe a single question is decisive of the case.

Under 2 Comp. Laws 1929, § 8413, as amended by Act No. 58, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 8413, Stat. Ann. § 17.147), the working members of a partnership, who receive wages irrespective of profits, are entitled to compensation. *Gallie* v. *Detroit Auto Accessory Co.*, 224 Mich. 703; *Wilcox* v. *Wilcox Bros.*, 232 Mich. 140. Defendant casualty company, however, contends that plaintiff's claim was barred by the six-months' limitation for presentation of claims under the act. 2 Comp. Laws 1929, § 8431 (Stat. Ann. § 17.165). Plaintiff replies that this defense is not available to the insurance company because the same section of the act pro-

* See 3 Comp. Laws 1929, § 14219 (Stat. Ann. § 27.914).—Reporter.

vides that if the employer neglects or refuses to report the accident to the department, as required by the provisions of the act, this statute of limitations shall not begin to run against the claim of the injured employee in favor of either the employer or the insurer until the report of said accident has been filed with the department. The failure of the employer to report such accident also subjects him to a fine of not more than $50 for each offense. 2 Comp. Laws 1929, § 8456 (Stat. Ann. § 17.191). Here we have the anomalous situation of a plaintiff claiming his own default, breach of the law which subjects him to a fine, as the basis for suspension of the six-months' limitation imposed by the act. While this is not an equity case, nevertheless the plain rules of legal estoppel must prevail. Can plaintiff take advantage of his own neglect or failure to observe the law in order to recover against his own partnership, of which he was the active partner and now is the surviving member? Can he invoke for his own benefit his admitted delinquency, condemned by the statute and punishable with a fine? Obviously, the case is brought for the purpose of reaching the casualty company. Plaintiff is both employer and, in a limited sense, the employee. He attempts to take advantage of his default under one section of the act to excuse his breach and neglect of another. In *R. H. Stearns Co.* v. *United States,* 291 U. S. 54 (54 Sup. Ct. 325, 78 L. Ed. 647), the question of the statute of limitations under a former revenue act was involved. Mr. Justice Cardozo, in holding that under the circumstances the petitioner could not avail himself of the statutory bar, stated (pp. 61, 62):

"The applicable principle is fundamental and unquestioned. 'He who prevents a thing from being done may not avail himself of the nonperformance

which he has himself occasioned, for the law says to him in effect "this is your own act, and therefore you are not damnified." ' *Dolan* v. *Rodgers,* 149 N. Y. 489, 491 (44 N. E. 167), and *Imperator Realty Co.* v. *Tull,* 228 N. Y. 447, 457 (127 N. E. 263) quoting *West* v. *Blakeway,* 2 Man. & G. 729, 751 (133 Eng. Rep. 940, 949). Sometimes the resulting disability has been characterized as an estoppel, sometimes as a waiver. The label counts for little. Enough for present purposes that the disability has its roots in a principle more nearly ultimate than either waiver or estoppel, *the principle that no one shall be permitted to found any claim upon his own inequity or take advantage of his own wrong. Imperator Realty Co.* v. *Tull, supra.* A suit may not be built on an omission induced by him who sues. *Swain* v. *Seamens,* 9 Wall. (76 U. S.) 254, 274 (19 L. Ed. 554); *United States* v. *Peck,* 102 U. S. 64 (26 L. Ed. 46); *Thomson* v. *Poor,* 147 N. Y. 402 (42 N. E. 13); *New Zealand Shipping Co.* v. *Societe des Ateliers,* [1919] A. C. 1, 6; 2 Williston, Contracts, §§ 689, 692." (Italics are ours.)

In *Dulberg* v. *Equitable Life Assurance Society of the United States,* 277 N. Y. 17 (12 N. E. [2d] 554), the court said that no principle is older or more venerated than that the litigant may not rely upon his own fraud or wrong. The same rule is applied in a workmen's compensation case in *Kelly* v. *Nussbaum,* 218 Ky. 330 (291 S. W. 754). See, also, *Davis* v. *Hampton Stave Co.,* 173 Ark. 70 (291 S. W. 979).

It is true that it is stated in *Thurston* v. *Detroit Asphalt & Paving Co.,* 226 Mich. 505, that a partnership is a legal entity separate from the individuals composing it. However, in order to prevent an injustice or fraud, we do not hesitate to disregard the fictional entity of the partnership and regard the members as individuals. This becomes particularly

applicable when we realize that up to the time that plaintiff was injured, his partner John did no work on the job and after the accident all he did was to sign checks. This rule obtains in this State in regard to the analogous fiction of corporate entity. *Paul* v. *University Motor Sales Co.*, 283 Mich. 587.

In the present case plaintiff cannot take advantage of his own wrong or neglect to create a waiver or estoppel in his own favor.

The award of the department is reversed, with costs to appellant.

SHARPE, C. J., and BUSHNELL, BOYLES, CHANDLER, NORTH, and WIEST, JJ., concurred. McALLISTER, J., took no part in this decision.