**CHURCH BUDGET ENVELOPE CO. et, Appellants, v. CORNELL, Admr. BUREAU OF UNEMPLOYMENT COMPENSATION, Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 5229. Decided October 11, 1955.

Frank J. Collopy, Columbus, for appellants.

Hon. C. William O'Neill, Atty. Genl., John W. Hardwick, Asst. Atty. Genl., Columbus, for appellees.

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By FESS, J.

Appeal on questions of law from a judgment of the Common Pleas Court finding that the decision of the Administrator of the Ohio Bureau of Compensation is supported by reliable, probative and substantial evidence and is in accordance with law, and affirming the order of such Administrator.

Prior to December 3, 1948, two partnerships were engaged in business composed of different individuals. The Church Budget Envelope Co., referred to herein as partnership "A," was organized in 1917 and engaged in the printing and sale of church collection envelopes. The Budget Press, referred to herein as partnership "B," was organized in 1937 or 1938 and engaged in the production and sale of religious calendars. The calendar business had been previously operated by "A." On December 3, 1948, by reason of the death of one of the common partners. two new partnerships were created composed of common members but with unequal shares. The partnership agreements are evidenced by separate instruments in writing.

Separate records and accounts of the operation, sales, employment and expenses of the two partnerships have been kept and maintained since their organization. "B" pays "A" rent for space occupied by the

former in A's premises. Division of expense for power, heat and light has been made on the basis of horsepower requirements of machinery and the number of persons employed. Separate bank accounts are maintained and purchases of supplies are made in the names of the two different companies.

Although not disclosed by the record it may be assumed that each of the partnerships filed returns and otherwise complied with the Unemployment Compensation Act after its passage. After the organization of the two new partnerships with members in common in December, 1948, each partnership was given a separate employer account number by the Bureau and each had separate accounts. But on May 7, 1953, the two partnerships were advised by the Bureau that the accounts had been combined and that in the future they would be required to report as a single employer.[1]

Determination of this appeal requires construction of the provisions of the Unemployment Compensation Act.

"Sec. 1345-1-b-(1) (§4141.01 R. C.) states: ' "Employer" means any individual or type of organization including any partnership, association, trust, estate, joint stock company, insurance company, or corporation, whether domestic or foreign, or the receiver, trustee in bankruptcy, trustee, or the successor thereof, or the legal representative of a deceased person who subsequent to December 31, 1936, had in employment three or more individuals at any one time within a calendar year; * * * All individuals performing services for an employer of any person in this state, who maintains two or more establishments within this state, shall be deemed to be employed by a single employer for the purpose of the unemployment compensation act.'

"Sec. 1345-4-(c)-(1)-A states: 'The Administrator shall maintain a separate account for each employer and shall credit his account with all the contributions which he has paid on his own behalf.' * * *"

It is apparent that the statute recognizes a partnership as a "type of organization" as an "employer." All individuals performing services for any partnership (employer) in Ohio, who maintains two or more establishments within the state, are deemed to be employed by a single employer.

But does the statute contemplate that a partnership be regarded as an entity for the purpose of the administration of the Act? It has been held that the doctrine of partnership entity, in the sense that a partnership is an ideal artificial person or being distinct from the individuals comprising it, and in which the identity of the individuals is merged and lost, does not maintain in Ohio. DuPont de Nemours Powder Co. v. Jones Bros. 200 Fed. 638.

"The members of a partnership do not form a collective whole, distinct from the individuals composing it; nor are they collectively

---

1. In the decision of the Administrator it is stated that the separation of the two concerns into separate accounts forced the Bureau to pay out benefits to employees of B over a two year period in excess of $1476.66 over and above the amount of its contributions which it paid at the maximum rate of 2.7%. On the other hand A with a merit rate of 1.1% built up a reserve.

endowed with any capacity of acquiring rights or incurring obligations. The rights and liabilities of a partnership are the rights and liabilities of the partners. 1 Lind. Part., 5. It is not a creation in which the identity of the individual members is merged and lost, in seeking to enforce against them the obligations of the firm.

"A partnership is not, in our judgment, a legal entity, having, as such, a domicile or residence separate and distinct from that of the individuals who constitute it." **Byers v. Schlupe, 51 Oh St 300, 38 N. E. 117.**

On the other hand, an eminent jurist has said:

"A partnership is a quasi legal entity. It owns property and has liabilities as such. Its creditors have a right to the payment of their claims from the partnership assets in preference to individual creditors, and have in equity a lien on the assets of the firm, that may be worked out through the partners." Minshall, J., in **Andres v. Morgan, 62 Oh St 236, 56 N. E. 875.**

See also **United States Ptg. & Lith. Co. v. Crites, 15 Oh Ap 63.**

The so-called entity doctrine is also recognized in Ohio in matters of procedure. **30 O. Jur. pp. 988, 989.** For example §2307.24 R. C. (§1260 GC; §5011 R. S.) provides that a partnership may sue or be sued by its name without alleging or proving the names of its members. **Sec. 5701.01 R. C.** defines the word "person" as used in Title 57 of the Code as including firms, companies, associations and corporations. **Sec. 5711.05 R. C.** provides that the return of taxable property of a partnership shall be made by a partner.

The Workmen's Compensation Act defines an employer as every person, firm, and private corporation, etc. **Sec. 4123.01 R. C.**

In **Penwell v. McMullen, 72 Oh Ap 180, 184,** the court says:

"While the liability of partners, under the Workmen's Compensation Act, is based on statute, upon reasoning, it would appear to be the same as upon contract, subjecting them only to being sued jointly. This being the case, a claim filed against an individual under the Workmen's Compensation Act can not be based on any liability that might be imposed upon a partnership of which the individual is a member, unless the claim is made jointly against such individual and the other member or members of such partnership.

"The separate claims filed by the plaintiff with the Industrial Commission against Lawrence McMullen and Eva McMullen severally and not jointly therefore could be predicated only upon liability imposed by the act upon them in their separate individual capacities and not upon any liability which might be imposed upon them by reason of their membership in a partnership."

The term "Motor Transportation Company" includes every corporation, company, association, joint stock association, person, firm, or **copartnership,** etc. **Sec. 4921.02 R. C.** Under the Motor Vehicle Act "owner includes any person, firm or corporation," etc.

**Sec. 1345-4 (c) (4) (F) GC** also deals with the closing of an employer's business solely because of the entrance of one or more of the owners, officers, **partners,** or the majority stockholders into the armed services.

It thus becomes apparent that the statutes of Ohio recognize a firm or partnership as something different than a person or individual. **Sec. 1345-1 et seq, GC**, is also procedural in character in so far as compliance with its provisions is concerned.

It has been held that the Uniform Partnership Act does not make a legal partnership an independent juristic entity, and whatever recognition is given therein to the entity theory is solely for procedural or conveyancing purposes. 68 C. J. S. 498. With respect to the right to take and convey title to real property as provided by that Act, the partnership may. be regarded as a legal entity. 68 C. J. S. 498.

In Canada Dry Bottling Co. v. Utah Board of Review, 223 Pac. 2d, 586, 22 A. L. R. 2d, 664, the Utah Supreme Court had under consideration one partnership which operated simultaneously three bowling alleys and a bottling works. In applying a provision similar to the second sentence. of §1345-1-b-(1), GC, supra, it held that notwithstanding the fact that the partnership operated four separate enterprises it was a single employing unit. See also Surgical Supply Center, Inc., v. Industrial Commission of Utah, 223 Pac. 2d, 593.

In the instant case we have two separate and distinct partnerships with common members operating separate enterprises. In Michigan Employment Security Com. v. Crane, 334 Mich. 411, 54 N. W. 2d 616, the court held that where two individuals became partners in an automobile sales and service agency and also became partners in a tractor implement sales and service business and each business was operated in physically separate premises, and separate and distinct books of account were kept for each, and they maintained separate bank accounts, and operated under separate franchises from different manufacturers and distributors, and employed separate personnel, the two partners did not constitute a single "employment unit" for the purpose of determining their experience record and contribution rate under the Unemployment Security Act. It is true that in Michigan a partnership is regarded as a distinct legal entity separate from the individuals composing it (Thurston v. Detroit Asphalt & Paving Co., 226 Mich. 505, 198 N. W. 345; Chisholm v. Chisholm Const. Co. 298 Mich. 25, 298 N. W. 390; Lobato v. Paulino, 304 Mich. 668, 8 N. W. 2d 873; Michigan Employment Sec. Co. v. Crane, supra), but the Supreme Court of Michigan was construing a provision of its Compensation Act having substantially the same phraseology as the provision of the Ohio Act before us in the instant case. Whether or not the entity doctrine be extant in Ohio, the statute here to be construed refers to a partnership as a definite category of employer. If the entity theory is to be disregarded in construing the Unemployment Act, it could likewise be ignored in the construction of §2307.24 R. C. relating to suits, and the provisions of the Uniform Partnership Act with respect to real property, as well as other statutes in which a partnership is referred to in connection with individuals, associations and corporations.

It is therefore concluded that the appellants herein do not constitute a single employment unit under the Unemployment Compensation Act, and that the finding of the Administrator was unlawful.

The judgment of the Common Pleas Court is reversed and the

cause is remanded to the Bureau of Unemployment Compensation for further proceedings in accordance with the judgment of this Court.

MILLER, PJ, HORNBECK, J, concur.