CHAFFEE *v.* STENGER.

1. NEGLIGENCE—MASTER AND SERVANT—WORKMEN'S COMPENSATION —ACCEPTANCE OF PAYMENTS.

Plaintiff's acceptance of payments voluntarily made by defendant's insurance carrier under the workmen's compensation act does not bar plaintiff from seeking damages for common-law negligence for injuries due to an explosion if plaintiff was not in fact an employee of the defendant (CL 1948, § 416.1).

2. TRIAL—QUESTION OF FACT—MOTION TO DISMISS—DENIAL WITHOUT PREJUDICE.

The granting of defendant's motion to dismiss plaintiff's action for common-law negligence due to injuries received from an explosion was error, where the issue as to whether plaintiff was or was not an employee of defendant was a disputed issue of fact at the hearing on the motion to dismiss, and plaintiff sought determination of such issue by a jury, there having been a voluntary weekly payment of 10 checks by defendant's workmen's compensation insurer and acceptance thereof by plaintiff, and the pertinent court rule providing for a denial of such motion without prejudice (CL 1948, § 416.1; Court Rule No 18 [1945]).

Appeal from Saginaw; Borchard (Fred J.), J. Submitted June 10, 1960. (Docket No. 49, Calendar No. 48,553.) Decided September 15, 1960.

Case by William Chaffee against William Stenger, doing business as Bill's Junction Garage, for personal injuries resulting from explosion and fire. By reason of plaintiff's acceptance of workmen's com-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur, Payment § 32.
[2] 41 Am Jur, Pleading § 331.

pensation benefits, cause dismissed on motion. Plaintiff appeals. Reversed and remanded.

*van Benschoten & van Benschoten,* for plaintiff.

*Stanton & MacKenzie (Ralph B. Taylor,* of counsel), for defendant.

SOURIS, J. Plaintiff brought suit for damages resulting from defendant's alleged negligence. The declaration expressly alleged that plaintiff was not defendant's employee. The answer filed by defendant generally denied all of the substantive allegations made in the declaration and alleged that plaintiff was paid workmen's compensation benefits for his injuries as an employee of defendant for a period of 11 weeks.

The trial court dismissed the declaration on motion made by defendant before trial. The motion to dismiss asserted that payment to plaintiff of $396 in workmen's compensation benefits constituted a release to defendant of all claims arising from plaintiff's injury by virtue of section 1 of part 6 of the workmen's compensation law. CL 1948, § 416.1 (Stat Ann 1950 Rev § 17.212). The motion was supported by an affidavit of a claim adjuster for defendant's insurance company in which the adjuster swore that he had "personal knowledge that William Chaffee stated that he was an employee of William Stenger at the time of the explosion."

Plaintiff filed an answer to the motion alleging that the payments received by him were voluntarily paid by the insurance company, that he was not an employee of defendant at the time of the explosion, and that his status was a question of fact to be determined by a jury.

At the hearing on the motion to dismiss, defendant introduced in evidence certified copies of the work-

men's compensation department's forms 100, 101, and 102, the employer's report of injury, notice of commencement of payments and notice of stopping of payments, respectively. Also introduced were 10 canceled checks by which plaintiff was paid 11 weekly benefits of $36 each. No other evidence was taken at the hearing. Based upon the foregoing pleadings and exhibits, the trial court dismissed the declaration on the theory that plaintiff, having received compensation benefits for 11 weeks, "proceeded on the theory of employer-employee relationship, and having done so he cannot now bring proceedings on an inconsistent opposite theory or claim." The trial court ruled that section 1 of part 6 of the act controlled and that acceptance of such payments released defendant of all claims at law.

But, section 1 of part 6 of the act presupposes the existence of an employee-employer relationship:

"If the employee, or his dependents, in case of his death, of any employer subject to the provisions of this act files any claim with, or accepts any payment from such employer, or any insurance company carrying such risks, or from the commissioner of insurance on account of personal injury, or makes any agreement, or submits any question to arbitration under this act, such action shall constitute a release to such employer of all claims or demands at law, if any, arising from such injury."

Unless we are to hold that acceptance of payments by plaintiff from defendant's insurance carrier constitutes proof of the existence of an employment relationship between the parties, there is no basis whatever for concluding that such a relationship existed such as to justify application of the provisions of that section. This Court has held that even where application was made for an award of compensation under the workmen's compensation act after voluntary payment of benefits had

been made and accepted, the injured party was not barred from seeking damages for common-law negligence when he was not in fact an employee of the defendant. *Holcomb* v. *Bullock,* 353 Mich 514. In *Holcomb's Case,* the trial court having found that the injured party was in fact an independent contractor, this Court said he had no right to seek benefits under the act and, therefore, had no right of election as to his remedy. The Court assumed that when voluntary payments were made and accepted (as here), both parties were in error as to the legal relationship existing between them. The important point is that in *Holcomb's Case,* there was a judicial determination, at the trial, of the relationship between the parties. There has been no such determination in the case at bar. It cannot be said yet, of course, that a bilateral or a unilateral mistake has been made, nor can it be said until plaintiff's status is determined. But, plaintiff is entitled to such a determination, and he was deprived thereof by the trial court's dismissal on motion.

Indeed, the relationship between the parties was a disputed issue of fact at the hearing on the motion to dismiss, made so by the declaration's express averment that plaintiff was not defendant's employee and by the answer's denial thereof and averment that workmen's compensation benefits had been accepted by plaintiff as an employee of defendant. It is interesting to note that defendant's motion to dismiss assumes the existence of an employee-employer relationship, just as did the trial court in its dismissal of the declaration.

Section 3 of Court Rule No 18 (1945) provides that the trial court shall deny without prejudice a motion to dismiss "if disputed questions of fact are involved" in an action at law if the opposite party demands that the issue be submitted to a jury. As

noted, a disputed question of fact did exist and plaintiff demanded that it be submitted to a jury. Under the circumstances disclosed by the pleadings before us, we believe the trial court should have denied defendant's motion to dismiss without prejudice.

Reversed and remanded. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.