ERICKSON *v.* GOODELL OIL COMPANY, INC.

1. MASTER AND SERVANT — EMPLOYMENT RELATIONSHIP — TRANSFER OF BUSINESS.

An employee of one party cannot have an employment contract with another party thrust upon him by means of an unknown sale or transfer of his original employer's business to the other party; there must be some manifestation of mutual assent between the new owner and the employee before an employment agreement is implied between the two of them.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 58 Am Jur, Workmen's Compensation § 81 *et seq.*

2. SAME — EMPLOYMENT RELATIONSHIP — TRANSFER OF BUSINESS —
WORKMEN'S COMPENSATION—EXCLUSIVE REMEDY.

Plaintiff who contracted to be an employee of a person who
later, without the knowledge of the plaintiff, transferred his
business to the ownership of the defendant *held*, not to be
an employee of the defendant since no mutual assent took
place from which an employment contract could be found
implied; therefore plaintiff is not limited to the remedy
provided by the workmen's compensation statute for injury
received on the job on defendant's property.

Appeal from Houghton, Condon (Stephen D.), J.
Submitted Division 3 October 3, 1968, at Marquette.
(Docket No. 3,304.)  Decided December 31, 1968.
Leave to appeal granted March 12, 1969.  See 381
Mich 807.

Complaint by John Erickson and Shirley Erick-
son against Goodell Oil Company, Inc., a Michigan
corporation, for injuries suffered by plaintiff John
Erickson on defendant's property.  Accelerated
judgment for defendant.  Plaintiffs appeal.  Re-
versed and remanded.

*Andrew H. Wisti,* for plaintiff.

*Theodore Messner,* for defendant.

T. G. KAVANAGH, P. J.  Plaintiff John Erickson
was employed sometime in 1963 by one Stuart
Goodell, who was doing business as Bridge Service
Station.  At that time, the building, fixtures and
realty utilized by Bridge Service Station were owned
by a separate entity, the Goodell Oil Company, de-
fendant herein.  Plaintiff was injured on the prem-
ises in October of 1964 and brought this action alleg-
ing negligence by defendant third-party tort-feasor
in maintaining the premises.  Defendant filed a mo-
tion for accelerated judgment (GCR 1963, 116.1[2])
claiming that, as Goodell Oil Company had "ab-
sorbed" the business of Stuart Goodell, *i.e.* Bridge

Service Station, plaintiff was defendant's employee whose exclusive remedy was prescribed· by the Workmen's Compensation Law. Plaintiff opposed the motion by denying that he was an employee of defendant, having never been notified of the transfer and having never expressly or impliedly entered into an employment contract with the company. The trial court conducted a hearing on the matter and thereupon granted defendant's motion for accelerated judgment stating:

"[Plaintiff's] present action in tort is barred under the provisions of the Michigan compensation act. Further, that in accordance therewith, the court lacks jurisdiction of the subject matter."

From that holding, this appeal ensues.

The workmen's compensation statute reads in part:

"The term 'employee' as used in this act shall be construed to mean:

"* * * Every person in the service of another under any contract of hire, express or implied." CL 1948, § 411.7 (Stat Ann 1968 Cum Supp § 17.157[2]).

The act, to become operative, requires the existence of an employment contract. An employee cannot automatically have such a contract thrust upon him by means of an unknown sale, transfer or "absorption" of his employer's business by another. See 99 CJS, Workmen's Compensation §§ 40, 65, 107(e); Larson, Workmen's Compensation Law § 48.10 (and § 48.10 Cum Supp); 58 Am Jur, Workmen's Compensation § 352, p 815. An employment contract must be established. *Scott* v. *Alsar Company* (1953), 336 Mich 532, 537; *Powell* v. *Twin Drilling Co.* (1942), 300 Mich 566.

Where no express agreement has been reached between the parties, there must be some manifestation of mutual assent by words or deeds from which an agreement may be implied. An employment contract has been defined as:

"The 'relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act.'" See 9 Williston on Contracts (3d ed), § 1012.

The relationship created by such mutual consent is that of master-servant wherein the:

"master is a principal who employes an agent to perform services in his affairs."

and the

"servant is the agent employed by the master to perform services in his affairs." 1 Restatement, Agency, 2d, § 2.

In this case, at the time of hire, Stuart Goodell was the master and plaintiff was the servant. Any change of status of Stuart Goodell in January, 1964 from his position of principal and master over plaintiff to that of an agent for the Goodell Oil Co. cannot obligate plaintiff to a new principal, absent disclosure and consent. Upon discovery, plaintiff may elect to treat the new principal as his master, but he need not do so.

At the hearing, the testimony was undisputed that, in 1963, Bridge Service Station was operated by Stuart Goodell as a separate legal entity. Plaintiff initiated his employment with this understanding. There was no testimony that in January, 1964, when the Goodell Oil Company "absorbed" the Bridge Service Station, any notification of such a transac-

tion was provided the employees affected. There was no positive evidence that plaintiff knew of the transfer; therefore, his work at that time was performed for an undisclosed principal. Absent any proof that plaintiff discovered and acquiesced in his newly acquired status, there can be no finding of his consent to it and consequently, as a matter of law, no implied contract of hire existed between the parties to this action.

The fact that the Goodell Oil Co. had carried plaintiff on its books as an employee from the time of the business transfer in January, 1964 until plaintiff's injury in October of 1964 is no proof of his knowledge of the transfer, especially since his pay checks remained unchanged and the management was identical.

We have confined ourselves solely to the question of whether there was any evidence presented at the hearing on defendant's motion for accelerated judgment which would establish that plaintiff knew, while performing services on the premises of Bridge Service Station, that Goodell Oil Company had become his true employer. We find that no such evidence was presented and consequently that the trial court erred in holding as a matter of law that an implied contract of hire existed.

Plaintiff cannot be defendant's employee if he did not knowingly agree to such a position. The corporation, by transferring the legal entity of Bridge Service Station to its own, has obligated itself to payment of workmen's compensation benefits to injured employees of Stuart Goodell, but at the same time, by failing to prove that this employee was notified or knew of the change, defendant remains, in its known capacity, potentially liable as a third-party tort-feasor.

The case is remanded, therefore, for a trial on the merits.

Plaintiff may tax costs.

McGREGOR, J., concurred with T. G. KAVANAGH, P. J.

PHILIP C. ELLIOTT, J. (*dissenting*). Viewed in terms of economic reality, I cannot disagree with the trial judge's conclusion that for purposes of assessing liability under the workmen's compensation act Goodell Oil Company was the employer of Erickson at the time of his injury. *Goodchild* v. *Erickson* (1956), 375 Mich 289, 293. He was hired to work for the proprietor of the service station which the corporation had run for nearly a year before he was hurt; and he has knowingly accepted his workmen's compensation benefits from defendant.

The circuit court is without jurisdiction because of part 1, § 4 (CL 1948, § 411.4 [Stat Ann 1968 Rev § 17.144]) of the act, and the action is barred by part 6, § 1 (CL 1948, § 416.1 [Stat Ann 1968 Rev § 17-.212]), also.

I would affirm the accelerated judgment.