ERICKSON *v.* GOODELL OIL COMPANY, INC.

1. WORKMEN'S COMPENSATION—MASTER AND SERVANT—CONTRACTS.
   Before benefits or rights under the Workmen's Compensation Act can be claimed, an employer-employee relationship, established by a contract of employment must be shown to exist, since the act is predicated on the existence of such a relationship.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 131, 132.
[2] 58 Am Jur, Workmen's Compensation §§ 64, 65, 132.
[3–5] 17 Am Jur 2d, Contracts §§ 3–5, 18, 20.
[6] 41 Am Jur, Pleading §§ 335–343.
   58 Am Jur, Workmen's Compensation §§ 64, 65, 132.

2. WORKMEN'S COMPENSATION—PAYMENT OF BENEFITS—MASTER AND SERVANT—NEGLIGENCE.

Acceptance of voluntary payments of benefits made by a putative employer after application for an award of workmen's compensation does not foreclose a subsequent legal action for common-law negligence if it is later discovered that no employer-employee relationship in fact existed at the time of plaintiff's injury; nor can the mere acceptance of such benefits constitute proof of the existence of the requisite relationship.

3. CONTRACTS—IMPLIED IN FACT—MUTUAL INTENTION.

A contract implied in fact arises under circumstances which, according to the ordinary course of dealing and common understanding of men, show a mutual intention to contract.

4. CONTRACTS—IMPLIED IN FACT—CONDUCT OF PARTIES.

A contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction.

5. CONTRACTS—IMPLIED CONTRACT—QUESTION OF FACT—MASTER AND SERVANT.

The existence of an implied contract, of necessity turning on inferences drawn from given circumstances, usually involves a question of fact, unless no essential facts are in dispute and the question of an employee-employer relationship presents an issue of fact.

6. WORKMEN'S COMPENSATION — NEGLIGENCE — CONTRACTS — IMPLIED CONTRACT — QUESTION OF FACT — ACCELERATED JUDGMENT.

Defendant corporation's motion for accelerated judgment, contending that its "absorption" of a service station resulted in plaintiff becoming defendant's employee and that plaintiff's negligence action would thus be barred since an employee's exclusive remedy for injuries suffered during the course of his employment would be limited to workmen's compensation benefits, should have been denied by the trial court in view of plaintiff's timely demand for a jury trial, where the existence of an employer-employee relationship grounded in an implied contract for hire presented a disputed question of fact raised by the pleadings.

Appeal from Court of Appeals, Division 3, T. G. Kavanagh, P. J., and McGregor and Elliott, JJ., reversing and remanding Houghton, Stephen D. Condon, J.  Submitted June 3, 1970.  (No. 6 June Term 1970, Docket No. 52,333.)  Decided November 12, 1970.

15 Mich App 398 reversed.

Complaint by John Erickson and Shirley Erickson against Goodell Oil Company, Inc. for injuries suffered by plaintiff John Erickson on defendant's property.  Accelerated judgment for defendant.  Plaintiffs appealed to the Court of Appeals.  Reversed and remanded.  Defendant appeals.  Reversed and remanded.

*Wisti, Jaaskelainen & Bourland,* for plaintiffs.

*Messner, LaBine & Vairo* (by *David R. Mechlin*), for defendant.

T. E. BRENNAN, C. J.

## THE CASE

Plaintiff was hired during the year 1963 by Robert Goodell of the Goodell Oil Company to work with his son, Stuart Goodell, at a retail gasoline station known as Bridge Service.  Defendant Goodell Oil Company owned the building including fixtures and equipment and also the realty of the Bridge Station through an undisclosed arrangement with Stuart Goodell, who was operating the station under an assumed, but unfiled, name.  In January, 1964, defendant resumed operation of the gas station to the exclusion of Stuart Goodell, but continued using

the name Bridge Service Station. Plaintiff was injured on the premises on or about October 20, 1964, at which time both Goodell Oil Company and plaintiff were subject to the Michigan Workmen's Compensation Act. Defendant voluntarily paid compensation under the act until plaintiff returned to work approximately seven months later.

Plaintiff brought this suit alleging negligence by defendant as a third-party tortfeasor in maintaining the premises. The complaint specifically alleged that plaintiff was the employee of Bridge Service at the time of his injury. Defendant filed a motion for accelerated judgment[1] contending that defendant's "absorption" of the Bridge Service Station resulted in plaintiff becoming defendant's employee, and that the negligence action would thus be barred since an employee's exclusive remedy for injuries suffered during the course of his employment would be limited to workmen's compensation benefits.[2] Plaintiff filed a timely jury demand.

At the hearing on the motion for accelerated judgment, plaintiff contended that he had no knowledge of the "absorption" and thus could not be considered an employee of defendant in the absence of some showing of assent to the new relationship, either expressly or by implication. Based upon the evidence adduced at the hearing, the trial judge granted defendant's motion for accelerated judgment, finding as a matter of law, that an implied contract of hire existed. Confining the issue solely to the question of whether there was any evidence presented at the hearing on the motion for accelerated judgment which would establish that plaintiff knew that defendant had become his true employer, the Court of Appeals remanded for a trial on the

[1] GCR 1963 116.1(1), (2), (5).
[2] MCLA § 418.131 (Stat Ann 1970 Cum Supp § 17.237[131]).

merits, finding that, as a matter of law, no implied contract of hire existed between the parties to the lawsuit.[3]

## DISCUSSION

The parameters of decision may be readily stated. Before benefits or rights under the Workmen's Compensation Act can be claimed, an employer-employee relationship, established by a contract of employment must be shown to exist. *Boshaw* v. *J. J. Newberry Co.* (1932), 259 Mich 333; *Grand Rapids* v. *Crocker* (1922), 219 Mich 178; *Vaivida* v. *Grand Rapids* (1933), 264 Mich 204. The act is predicated on the existence of such a relationship. *Chaffee* v. *Stenger* (1960), 361 Mich 57. Acceptance of voluntary payments of benefits made by a putative employer after application for an award of compensation does not foreclose a subsequent legal action for common-law negligence if it is later discovered that no employer-employee relationship in fact existed at the time of plaintiff's injury. *Holcomb* v. *Bullock* (1958), 353 Mich 514. Nor can the mere acceptance of such benefits constitute proof of the existence of the requisite relationship. *Chaffee* v. *Stenger, supra.*

The question of whether an employer-employee relationship existed between plaintiff and defendant at the time of the injury was a disputed issue of fact at the hearing. Both lower courts recognized the pivotal question to be the existence of an implied contract of hire between the parties.[4] A contract implied in fact arises under circumstances which, according to the ordinary course of dealing

---

[3] (1968), 15 Mich App 398.

[4] MCLA § 418.161 (Stat Ann 1970 Cum Supp § 17.237[161] [b]), states that, as to private employees, only persons " * * * in the service of another, under any contract of hire, express or implied * * * " are covered by the act.

and common understanding, of men, show a mutual intention to contract. *In re Munro's Estate* (1941), 296 Mich 80. A contract is implied in fact where the intention as to it is not manifested by direct or explicit words between the parties, but is to be gathered by implication or proper deduction from the conduct of the parties, language used or things done by them, or other pertinent circumstances attending the transaction. *Miller* v. *Stevens* (1923), 224 Mich 626. The existence of an implied contract, of necessity turning on inferences drawn from given circumstances, usually involves a question of fact, unless no essential facts are in dispute. See 100 CJS, Workmen's Compensation, § 611. The question of an employee-employer relationship presents an issue of fact. In *Chaffee* v. *Stenger, supra,* p 60, Mr. Justice SOURIS, speaking for a unanimous Court, stated:

"Indeed, the relationship between the parties was a disputed issue of fact at the hearing on the motion to dismiss, made so by the declaration's express averment that plaintiff was not defendant's employee and by the answer's denial thereof and averment that workmen's compensation benefits had been accepted by plaintiff  *  *  *  ."

In *Chaffee,* as in the instant case, the trial court decided the issue of the employment relationship on defendant's motion before trial. This procedure, as contrasted with that employed in *Holcomb* v. *Bullock, supra,* was deemed improper:

"The important point is that in *Holcomb's Case,* there was a judicial determination, at the trial, of the relationship between the parties. There has been no such determination in the case at bar. It cannot be said yet, of course, that a bilateral or a unilateral mistake has been made, nor can it be said until plaintiff's status is determined. *But, plaintiff*

*is entitled to such a determination, and he was deprived thereof by the trial court's dismissal on motion."* (Emphasis added.)   *Chaffee, supra,* p 60.

This conclusion was explicitly based on a court rule:

"Section 3 of Court Rule No 18 (1945) provides that the trial court shall deny without prejudice a motion to dismiss 'if disputed questions of fact are involved' in an action at law if the opposite party demands that the issue be submitted to a jury. As noted, a disputed question of fact did exist * * * ." *Chaffee, supra,* pp 60, 61.

Former Court Rule 18 was the predecessor of the accelerated judgment rule, GCR 1963, 116, which likewise guarantees a jury trial of disputed factual issues upon timely demand.[5]

## DECISION

Since the existence of an employer-employee relationship grounded in an implied contract for hire presented a disputed question of fact raised by the pleadings, the trial court should have denied defendant's motion for accelerated judgment in view of plaintiff's timely demand for jury trial. The case is remanded for a determination, at the trial, of the status of plaintiff at the time of the accident. If plaintiff is not found to be an employee of defendant at the time of injury and plaintiff is awarded damages in his action against defendant as third-

---

[5] Resolution of such disputed questions of fact on motion for accelerated judgment is governed by the provisions of GCR 1963, 116.3, which provides: "As to defenses and objections based upon subrule 116.1(5), the court may order immediate trial of any disputed questions of fact, and judgment may be rendered forthwith if the proof shows that the moving party is entitled to judgment on the facts as determined; or the court may postpone the hearing on the matter until the trial on the merits, *and shall postpone the hearing if a jury trial has been demanded pursuant to right on or before the day of the hearing."* (Emphasis supplied.)

party tortfeasor, it would follow as a necessary corollary to the subrogated right conferred on an employer by the Workmen's Compensation Act,[6] allowing reimbursement of the subrogee only to the extent of the amount paid in discharge of the obligation assumed by the subrogee, that defendant would be entitled to a setoff against any recovery of an amount equal to the total amount of compensation previously paid.

The decision of the Court of Appeals is reversed and the case is remanded to the trial court for further proceedings in accordance with this opinion.

DETHMERS, BLACK, T. M. KAVANAGH, and ADAMS, JJ., concurred with T. E. BRENNAN, C. J.

KELLY and T. G. KAVANAGH, JJ., did not sit in this case.

---

[6] CLS 1961, § 413.15 (Stat Ann 1968 Rev § 17.189).