LEE v J. H. LEE & SON

1. WORKMEN'S COMPENSATION—WORKING PARTNERS—EARNINGS-BASED
   PREMIUMS—CONTRACT OF HIRE—SOLE OWNERS.
   Working partners are included within the workmen's compensa-
   tion insurance coverage of the partnership to the extent premi-
   ums are based on their earnings, but a contract of hire, express
   or implied, is required before benefits under the act may be
   claimed; a former working partner who became the sole owner
   and sole employer of the business after the dissolution of the
   partnership and prior to sustaining a job-related injury is
   incapable of being an employee under a contract of hire (MCLA
   418.161; MSA 17.237[161]).

2. STATUTES—COMMON-LAW PRINCIPLES—INTERPRETATION—EXPAN-
   SION OF EXCEPTIONS—GENERAL PROVISIONS.
   Common-law principles do not encourage expansion of statutory
   exceptions to general provisions.

3. WORKMEN'S COMPENSATION—INSURANCE PREMIUMS—ACCEPTANCE—
   BENEFITS—COMPLIANCE WITH STATUTE.
   The mere fact that workmen's compensation insurance premium
   payments for a working partner have been made and appar-
   ently accepted does not automatically qualify that partner for
   benefits under the workmen's compensation laws; the require-
   ments of the statute must still be met.

4. STATUTES—WORKMEN'S COMPENSATION—EMPLOYEE—SUBSTANTIVE
   CHANGE—INTENT OF LEGISLATURE—INFERENCES.
   Absent some indication that a substantive change was intended
   when the Legislature modified the definition of an employee
   under the Workmen's Compensation Act, the Court of Appeals
   will not infer such intent (MCLA 418.161; MSA 17.237[161]).

Appeal from the Workmen's Compensation Ap-

REFERENCES FOR POINTS IN HEADNOTES
[1] 82 Am Jur 2d, Workmen's Compensation § 676.
[2] 73 Am Jur 2d, Statutes § 271 *et seq.*
[3] 82 Am Jur 2d, Workmen's Compensation §§ 671, 672.
[4] 81 Am Jur 2d, Workmen's Compensation §§ 27–33.

peal Board. Submitted October 7, 1976, at Grand Rapids. (Docket No. 27061.) Decided November 9, 1976. Leave to appeal applied for.

Claim by Iva L. Lee against J. H. Lee & Son and Sentry Insurance Company for workmen's compensation. Benefits denied. Plaintiff appeals by leave granted. Affirmed.

*Street, Stevens, Schuler, Johnson,. Hipkiss, Piasecki & Knowlton,* for plaintiff.

*Smith, Haughey, Rice & Roegge* (by *Lance R. Mather),* for defendant.

Before: R. B. BURNS, P. J., and D. E. HOLBROOK and T. M. BURNS, JJ.

D. E. HOLBROOK, J. Plaintiff appeals by leave granted March 17, 1976, from a December 3, 1975, order of the Workmen's Compensation Appeal Board which denied her compensation for the reason that plaintiff's decedent was not an employee of defendant J. H. Lee & Son at the time of injury and death. The facts of the instant case are not in dispute. The deceased, Robert J. Lee, his father, J. H. Lee, and his mother, Mary E. Lee, operated a hardware store in Muskegon Heights, under the name of J. H. Lee & Son. Following the death of J. H. Lee, Robert J. Lee and his mother, Mary E. Lee, continued for many years to operate the business as a partnership under the same name. Mary E. Lee passed away on January 18, 1969. The estate of Mary E. Lee was probated; final distribution was made in January 1973; and the executor was discharged and the estate closed on March 1, 1973.

On March 3, 1973, a man came into the hardware store near closing time and asked Robert J. Lee to assist him in starting his automobile. Lee left the store to give assistance. Apparently there was some sort of an argument, a scuffle, and Robert J. Lee was shot to death in the alley.[1] The widow filed a petition for workmen's compensation benefits claiming that her husband's death arose out of and in the course of his employment, and was covered by the insurance policy issued by Sentry Insurance Company. The last policy issued by Sentry named the partnership of Robert J. Lee and Mary E. Lee, doing business as J. H. Lee & Son, as the insured, and extended coverage from April 1, 1972 to April 1, 1973.

The instant case involves one issue—whether or not the deceased, Robert J. Lee, was an "employee" within the Michigan Workmen's Compensation Act, MCLA 418.161; MSA 17.237(161) (formerly MCLA 411.7; MSA 17.147).

At the outset, it must be noted that this case involves concepts of partnership and workmen's compensation law. In many states, partners are not covered by workmen's compensation statutes, while in some states coverage is limited. Larson notes:

"With the exception of Oklahoma and Louisiana, every state that has dealt judicially with the status of 'working partners' or joint venturers has held that they cannot be employees. California and Nevada have included by special statutory enactment working partners who receive separate wages beyond their share in the profits, and Michigan has included them, to the extent premiums are based on their earnings, without the requirement of separate wages above profits. Ohio passed a similar provision, but it was declared unconsti-

---

[1] The assailant apparently pled guilty to second-degree murder.

tutional. In Utah and Oregon coverage of partners may be elected.

"There are two serious obstacles to such an extension of coverage by judicial decision. The first is that a partnership is not, except for a few specific purposes, an entity separate from its members. Therefore, since the partnership is nothing more than the aggregate of the individuals making it up, a partner-employee would also be an employer. The compensation act cannot be supposed to have contemplated any such combination of employer and employee status in one person.

* * *

"Even if the conceptual difficulty of lack of legal entity in the partnership could be surmounted, there would remain a more stubborn obstacle, which is the fact that in any ordinary partnership each partner has by law an equal share in management, and is therefore in actual possession of the powers of the employer. Unless he has contracted away these powers, which he can theoretically do, he is as much the employer as anyone can be, not as a matter of conceptual reasoning but as a matter of actual functions and rights." (Footnotes omitted.) 1A Larson, Workmen's Compensation Law, §§ 54.30, 54.31, 54.32, pp 9-146 to 9-150, 9-153.

It is clear that Michigan's provision providing for statutory coverage of partners is rather unusual. It is equally clear, that common law principles do not encourage expansion of statutory exceptions to general provisions. In *Candler v Hardware Dealers Mutual Insurance Co,* 57 Wis 2d 85, 89; 203 NW2d 659, 661 (1973), the Wisconsin Supreme Court stated that "unless specifically provided by law a member of a partnership, for all substantive rights, liabilities and duties, is an employer of the employees of the partnership".

In the instant case, the insured "ROBERT LEE AND MARY E LEE, DBA J H LEE AND SON" paid premiums for workmen's compensation insurance coverage for the period from April 1, 1972 to

April 1, 1973. The partnership had previously undergone dissolution upon the death of Mary E. Lee in 1969,[2] and finally was wound up on March 1, 1973.[3] Plaintiff points out, however, that the statute, by its terms, grants coverage to "any person insured for whom and to the extent premiums are paid based on wages, earnings or profits". Plaintiff contends that because workmen's compensation insurance premiums have been paid for the month of March 1973, coverage should have continued even though the business was no longer a partnership.[4]

We are distressed when an insurance company accepts premiums for which the insured gets nothing in return. Plaintiff appropriately cites *Gottlieb*

---

[2] *See* MCLA 449.29; MSA 20.29 (Uniform Partnership Act, § 29).

[3] The opinion of the Workmen's Compensation Appeal Board in this case indicated as follows:

"It is not here denied that at the time of the death of plaintiff's decedent on March 3, 1973, the deceased was the sole proprietor of the hardware business here involved. He was under no contract of hire express or implied with any other person or legal entity. There is no evidence from which we could conclude that the business entity which deceased owned was even being operated under an assumed name registered after the partnership ceased to exist, even if such a d/b/a could serve as a legal vehicle separate and apart from the individual which could legally enter into an implied contract of hire with the deceased herein within the meaning of Michigan's Workmen's Compensation Act. At time of injury and death deceased was neither an independent contractor nor a person who had contracted to perform work for another person, partnership or legal entity. He was the sole proprietor of the business engaged in the sale of hardware products to the public at large on date of injury and death."

[4] The mere fact that workmen's compensation insurance premium payments have been made and apparently accepted does not automatically qualify one for benefits under the workmen's compensation laws. The requirements of the statute still must be met. *See Toenberg v Harvey,* 235 Minn 61; 49 NW2d 578 (1951). *See also,* Anno, *Policy of workmen's compensation insurance issued to individual as covering employees of partnership of which he is a member,* 114 ALR 724, and cases cited therein, particularly, *Ardolino v Ierna,* 225 App Div 439; 233 NY Sup 477 (1929), where the Court held that when a contract of workmen's compensation insurance was entered into with a copartnership, its obligations could not be extended to a new firm or to one of its individual members.

*v Arrow Door Co,* 364 Mich 450, 455; 110 NW2d 767, 769 (1961), which commented on the "any insured" provision:

" 'The above-quoted language ["including any person insured", et cetera] was put into the statute in a 1949 amendment. Its purpose was to prevent just such shenanigans as we have in this case. Prior to 1949 it was quite common for an insurance carrier to sell a policy, collect premiums upon the earnings of a particular individual, and then deny compensation when that individual was injured upon the claim that he was not an employee. This policy of "heads I win, tails you lose" could have been expected to produce remedial legislation, and did.' "

It is necessary to examine the entire opinion in *Gottlieb,* however, to understand exactly what the Court decided the statute meant. Earlier in that opinion, Justice SMITH said:

"[T]he legislatures of this and other States have undertaken clarification. In this State the term 'employee' is defined, generally, as 'every person in the service of another, under any contract of hire, express or implied.' *That the claimant was in the service of 'another'* (the corporation) *upon these facts cannot be denied.* The act then continues, by way of specific inclusions with respect to certain occupations theretofore controversial, in the following terms:

" 'including aliens,

" 'including wives * * * , working members of partnerships, * * *

" 'including [and this is the clause governing the case before us] any person insured for whom and to the extent premiums are paid based on wages, earnings or profits.'

"The claimant comes squarely within the language last above quoted." *Gottlieb, supra,* 454; 110 NW2d at 769. (Emphasis added.)

We are still concerned with premium payments which result in no insurance coverage. This section of the act was designed, however, to ease the requirement of being an "employee", not to abrogate it. It was necessary for plaintiff's decedent to fulfill the requirements of the act in order to be protected by its provisions. There must be an employment relationship. We recognize that there is, in reality, little difference between decedent's situation and the situation where the employer is also the sole stockholder, president, and director of a corporation controlled by himself. See, *Gottlieb, supra.* However, the corporation has long been recognized as a separate legal entity. However thin the distinction between these situations, a contract of hire is required in order to entitle one to benefit. As much as we sympathize with plaintiff's unfortunate situation, we cannot read into the act what is not there, nor read out what is there.

Plaintiff's error is in failing to read MCLA 418.161; MSA 17.237(161) in its entirety.

"Every person in the service of another, under any contract of hire, express or implied, including aliens, any person regularly employed on a full-time basis by his spouse having specified hours of employment at a specified rate of pay, working members of partnerships receiving therefrom wages irrespective of profits, any person insured for whom and to the extent premiums are paid based on wages, earnings, or profits, and minors, who shall be considered the same as and have the same power to contract as adult employees." MCLA 418.161(b); MSA 17.237(161)(b).

The problem with this statute is that the Legislature did not include the term "including" ahead of the phrase "any person insured * * * ". The statute formerly read:

"Every person in the service of another, under any contract of hire, express or implied, including aliens, including working members of partnerships, receiving wages irrespective of profits from such, including any person insured for whom and to the extent premiums are paid based on wages, earnings or profits, and also including minors, who, for the purpose of this act, shall be considered the same and have the same power to contract as adult employees:" 1948 CL, § 411.7 (Stat Ann § 17.147), as amended by 1949 PA 284.

When the Workmen's Compensation Act was recodified as the Workmen's Compensation Act of 1969 (1969 PA 317), the definition of employee became MCLA 418.161; MSA 17.237(161). In the process of recodification the Legislature dropped all of the "includings" except for the initial one. Although one might interpret such a change as substantive, we cannot believe this was the legislative intent. Unfortunately, we have no legislative history to turn to in order to resolve this "ambiguity". See *Wayne County Republican Committee v Wayne County Board of Commissioners,* 70 Mich App 620; 247 NW2d 571 (1976). The more reasonable interpretation is that the "includings" were dropped because of the redundancy. Absent some indication that a substantive change was intended, we cannot construe this statute as "ambiguous", resulting in such a radical change in Michigan's workmen's compensation law. Plaintiff in effect argues that now a self-employed person can bring himself within the coverage of the Workmen's Compensation Act by obtaining workmen's compensation insurance coverage independent of whether he is in the service of another under an express or implied contract of hire. The employer would them become employer and employee. This cannot be so, absent conclusive unambiguous direction from the Legislature. It has long been the law

in Michigan that a contract of employment must be shown to exist before benefits under the act may be claimed. *Erickson v Goodell Oil Co, Inc,* 384 Mich 207, 211; 180 NW2d 798, 799 (1970), *Boshaw v J J Newberry Co,* 259 Mich 333; 243 NW 46 (1932), *Grand Rapids v Crocker,* 219 Mich 178; 189 NW 221 (1922), *Vaivida v Grand Rapids,* 264 Mich 204; 249 NW 826 (1933). In fact, it has been stated that "the act is predicated on the existence of such a relationship". *Erickson, supra,* 211; 180 NW2d at 800. In the instant case, on March 1, 1973, the partnership ceased to exist for any purpose. Robert J. Lee then was doing business as "J. H. Lee & Son, a sole proprietorship". On that date, it became impossible for Robert J. Lee to come within the provisions of the act. Robert J. Lee was the sole owner, the sole employer and was incapable of being an employee under a contract of hire. Therefore, his resulting death on March 3, 1973, unfortunately, is not compensable under Michigan's workmen's compensation law.

Affirmed. No costs, the construction of a statute being involved.